### DUVAL vs. MAYSON.

If all the parties interested as plaintiffs do not join in the action, it is ground for non-suit upon the trial.

*Appeal from Desha Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

STILLWELL & WOODRUFF, for the appellant.

Mr. Justice FAIRCHILD delivered the opinion of the court.

In an action of assumpsit brought against Duval, Mayson, the plaintiff, described himself as doing business under the style of Mayson & Britt, and counted upon an indebtedness that so accrued to him. Upon a trial on the general issue, and after proof of the account sued upon by a witness who represented himself as the clerk of Mayson & Britt, when the goods charged in the account were bought by the defendant, the defendant offered to prove that the plaintiff was not, at that time, doing business under the style of Mayson & Britt, but that said firm was then composed of the plaintiff and Francis E. Britt. The court sustained the objection of the plaintiff to the introduction of this testimony, and the defendant excepted.

The judgment is now sought to be reversed upon the exception taken to the ruling of the court, and the appellant must prevail.

If all the parties interested as plaintiffs do not join in the action, it is ground for non-suit upon the trial. The defendant is not obliged to plead the non-joinder in abatement. 1 *Ch. Pl.* 10, 12, 14, 487, (7 *Am. Ed.*): *Hicks vs. Branton,* 21 *Ark.* 189.

The defendant had the right to show that Britt was a partner of Mayson when the action accrued upon the account, and to have required both of the partners to be joined in bringing the suit; else, if the fact should be as the defendant wished to show, Britt would have the same right as the plaintiff, separately, to sue the defendant upon the account.

Judgment reversed.