CASE 124—EQUITY—FEBRUARY 24, 1883.

# McCallister's adm'r v. Savings Bank of Louisville, assignee.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. An action instituted to have a conveyance of lands in various counties and personalty, made by a prisoner in the penitentiary, to one of his creditors, declared to be a conveyance in contemplation of insolvency to prefer the creditor, is transitory.

2. The chancellor has jurisdiction over the whole estate, real and personal, for purposes of distribution, although the land may lie in different counties.

3. The petition shows a defect of parties. It should have been taken advantage of by special demurrer.

SIMRALL & BODLEY FOR APPELLANTS.

The action is transitory. The seventy-eighth section of the Civil Code applies to this case. By it we are not required to institute the suit in "some other county." The sixty-ninth section relates merely to actions against a prisoner. The ground that the court has no jurisdiction of the defendant is waived, unless distinctly specified by special demurrer.

McCallister's adm'r v. Savings Bank of Louisville, assignee.

THOMAS & JOHN SPEED FOR APPELLEES.

1. This action is brought in the wrong county. It can only be maintained in Oldham county, and there only within the statutory six months.

2. There is no cause of action made out by the petition, because appellant, in seeking to enforce a statutory remedy, failed to seek it in the manner prescribed by the statute. (Gen. Stat., chap. 44, art. 2; *Ib.*, chap. 68, sec. 10; Civil Code, secs. 62, 63, 64, 65, 69, 78, 8, 606, 2, 36, 31, 732, 438, 38, 54, 691, 25, title 10, chap. 3; Shawhan v. Zinn, MS. Op., January, 1881; Maddox v. Box, 8 Bush, 402; Webb v. Wright, 1 *Ib.*, 107; 2 Bush, 126; 10 Bush, 97; Cogar v. Wright, 78 Ky., 59.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Louisville chancery court by McCallister's administrator against Jones, as assignee of the Savings Bank of Louisville, Rhorer, Speed, and others, in which the plaintiffs (appellants) seek to have a conveyance made by Rhorer to the bank enure to the benefit of creditors generally, for the reason, as is alleged, that it was made in contemplation of insolvency, and with the design to prefer. Rhorer, who is the grantor in the conveyance, was, at the institution of the action, a convict in the state prison, under the sentence of the Jefferson circuit court. When he was convicted he was a resident of the county of Oldham, and it is insisted by counsel for the appellee that Rhorer, being the only necessary defendant before the court at the time the cause was submitted, that the action was properly dismissed by the court below for want of jurisdiction.

Section 69 of the Civil Code provides that "an action not mentioned in sections 62 to 67, both inclusive, nor in section 70, against a prisoner in this state, or a person confined in an asylum for persons of unsound mind in this state, must be brought in the county, if known, in which he resided, or claimed his residence, when confined."

The actions mentioned in sections 62 to 67, both inclusive, are all local; and also the action mentioned in section

70, upon a return of no property found, must be brought
either in the county where the judgment was obtained, or
in which the defendant resides or is summoned.    This is
not an action based on a return of no property found for
a discovery of any estate belonging to the debtor Rhorer,
but to declare a trust in the bank, or its assignee, in favor
of the creditors of Rhorer, by reason of the conveyance to
the bank.    The action could have been maintained as well
without the return of no property found as with it, and
such a return, although appearing, cannot affect, in any
manner, the question of jurisdiction.    The summons was
served on the defendant Rhorer by the service of the sum-
mons on his wife in the county of Oldham, and by the
service on the keeper of the state prison, as provided by
the Code; and if Rhorer was the only defendant before the
court, the action was properly dismissed; but was he the
only defendant?    The bank was not made a party defend-
ant, although the petition disclosed the fact that the con-
veyance was made to it by Rhorer, and for the reason, as
we suppose, that the bank had assigned all of its effects
of every description to an assignee, Jones, for the benefit
of the bank's creditors.    The conveyance by Rhorer to the
bank was absolute, and transferred to it all of his real estate,
personal property, stocks, and choses in action belonging
to Rhorer in Kentucky, or elsewhere, except such as was
exempt from execution.    The bank, by the assignment to
Jones, made after the deed by Rhorer, vested him with the
title of record to all of its estate and effects of every descrip-
tion for the creditors of the bank; so, when the action was
instituted, *Jones had* the possession and the apparent title
of all the estate Rhorer had previously conveyed to the
bank.    Jones was, therefore, a necessary party to the action,

although section 3 of article 2, chapter 44, provides that, in bringing such an action, "*it shall* not be necessary to make any persons defendants except the *debtor and the transferee.*"

The meaning of the statute evidently is, that all the creditors are not required to be brought before the court, although they may unite in the petition as plaintiffs; but they can prove their claims, as in actions for the settlement of decedent's estates. When the transferee has parted with, or attempted to vest another with the title, and that of record, either for his own benefit or that of others, he is a necessary party to the action, and it becomes questionable whether the debtor has any interest in the subject-matter of controversy, as the assignee stands in his shoes. We think, however, he has, and that both the debtor, transferee, and the party to whom the transferee has sold or conveyed, are all interested and necessary parties to the action. Jones, the assignee of the bank, was before the court, by service in the county of Jefferson, where the deeds from Rhorer to the bank, and from the bank to Jones, were entered of record, and Rhorer was before the court, by *service* on his wife in Oldham and the keeper of the prison in which Rhorer was confined. There were then two necessary parties before the court—one served in Oldham and the other in Jefferson county, where the action was brought. The bank not being a party, this defect appeared on the face of the petition, and the advantage should have been taken of the defect by a special demurrer, as provided in subsection 4 of section 92, Civil Code; and when the defect of parties does not appear in the petition, the fact must be pleaded, and if not, it is a waiver of the error. (Section 118, Civil Code.)

The objection, therefore, not being made, because of the defect of parties, the court below ought not to have dismissed the petition, unless the appellant was compelled, notwithstanding the service on Jones in Jefferson, to institute the action in Oldham. We do not understand that the wise and just provision of the Code with reference to the service of process on one confined in prison was enacted to give him an advantage over litigants outside the prison walls; but as he can make no defense for himself like other parties, and has been taken from his home by the power of the state, he is not to be followed by actions instituted against him in the county where the prison happens to be located, or subjected to suits in any county in the state, for the reason that his domicile has been changed, or that he has no fixed place of residence, but his residence, for the purposes of suits against him, remains in the county in which he resided when convicted, where his friends, if he has any, can protect his rights, or those appointed to defend for him can make inquiry as to the nature of the complaint against him.

Transitory actions are not made local as to the prisoner, but the rule applied to him is applicable to all litigants. Suit cannot be brought against A in one county in a transitory action, and judgment obtained without an appearance, by service of process in another county; and so with the prisoner, no judgment can be obtained against him by a service in Franklin county, although he is confined there; but the action must be in the county where he resided, as for the purposes of the action, and the service of the summons, he is in that county; but where others are interested with him, and are served in a transitory action in the county where the action is brought he may be served with a sum-

mons as provided by the Code, and the action will progress as if he was not a prisoner. Any other construction would require all these creditors, and others interested in the litigation, although all the property might be in Jefferson county, where the conveyance is made, to subordinate their own rights and interests to those of the prisoner, and repair to Oldham county for a settlement of their respective claims. Such was not, in our opinion, the purpose of the provision of the Code we are considering, and if the jurisdiction was denied on that ground, it is error.

Nor is an action under the statute, with reference to such a transfer of property by a debtor in contemplation of insolvency, local in its character.

The statute provides that "the action and proceedings, as to the mode of proving claims and otherwise, shall be conducted as actions and proceedings for the settlement of the estates of deceased persons are now required to be conducted, so far as the same are applicable."

This only applies to the manner of proving claims, and of distributing the proceeds of the estate of the debtor, and was not intended to determine the question of jurisdiction. If so, where is the action to be instituted—where the party lives, or where he makes a conveyance that operates to transfer his estate to creditors? If, by construction, we were required to select from either, it would be in the county where the act of insolvency was committed; but such an action is not local, nor does the fact that the debtor owns real estate in Oldham county make it local. It appears in the record that the debtor owned lands in various counties, and choses in action, &c., in Jefferson; and when the chancellor undertakes to administer, through his

·commissioner, in such a case, he has jurisdiction over the whole estate, real and personal, for all the purposes of distribution, in the event the cause of action is complete. It is also argued that the land is not described in the petition. This may be an obstacle in the way of a judgment to sell it; but as we understand this action, it is for the purpose of declaring a trust in favor of the creditors, by reason of the existence of the facts alleged, and as the petition is as specific as the conveyance in the description of the estate, it is not a ground for general demurrer to such a cause of action.

The judgment below is therefore reversed, and cause remanded, with directions to permit the appellants to bring the bank before the court, and for further proceedings consistent with this opinion.