POWELL *v.* MASSEY-HERNDON SHOE COMPANY.

Opinion delivered February 2, 1901.   ·

SHERIFF—FAILURE TO RETURN EXECUTION—WAIVER.—Where an execution was returned by the sheriff after the return day, and subsequently the judgment on which it was issued was satisfied, the execution plaintiff cannot maintain an action against the sheriff for failure to return the execution within the prescribed time, as the acceptance of payment waived any cause of action growing out of such failure.

Appeal from Madison Circuit Court.

EDWARD S. MCDANIEL, Judge.

Action instituted September 27, 1897, by Massey-Herndon Shoe Company and another against J. T. Powell, sheriff of Madison county. The complaint alleged that on June 25, 1896, an execution issued from the supreme court of Arkansas on a judgment obtained by plaintiff against D. B. Elliott and another; that the execution was returnable within 60 days, and was placed in the hands of defendant as sheriff, but was not returned by him until August 27, 1896.

In defense it was shown that on September 16, 1896, plaintiffs obtained from the Madison circuit court in chancery a decree ordering the sale, for the purpose of satisfying the above judgment, of certain land which had belonged to D. B. Elliott, and had been sold to R. P. & A. L. Robinson, and R. P. Robinson, to prevent the sale, paid to plaintiff's attorney, W. L. Stuckey, an amount sufficient to pay the judgment. It was further shown that this action was not instituted for the benefit of the plaintiffs, Robinson testifying that he was to get the amount collected from defendant Powell, less the amount agreed to be paid the attorneys for collecting the same.

The following instructions were asked by the defendant, and refused by the court:

"5. I charge you that if you find from the preponderance of the evidence that the plaintiffs are only claiming the balance that is due on the original claim against D. B. Elliott *et al.*, and you further find that said amount has been paid to the attorney of the plaintiffs, then you will find the issues for the defendant.

"6. I charge you that if you find from the preponderance of the testimony that since the failure of the defendant to return said execution, the plaintiffs, or their attorney, has received the full amount of the debts specified in the execution, then you will find for the defendant."

"7. I charge you that if you find from the preponderance of the evidence that the money specified in said execution has been paid to the plaintiffs, or their attorney, and that this suit is being prosecuted for the benefit of A. L. & R. P. Robinson, and that they are to receive the benefit of the same, then you will find the issues for the defendant."

Judgment was for the plaintiffs, and defendant has appealed.

*L. W. Gregg,* for appellant.

The action should have been dismissed, for the reason that there was no showing of authority in the attorneys who prosecuted same to do so. 1 Ark. 99; 10 Ark. 18; 28 Ark. 95. Appellee's right of action was not assignable. Black, Judg. § 942; 37 Am. Dec. 739; 19 Tex. 111; 7 Ark. 344; 22 Am. & Eng. Enc. Law, 554 *n* 2; Murfree, Sher. § 958.

*W. L. Stuckey, J. Wythe Walker* and *Nathan B. Williams,* for appellant.

The presumption that the attorneys were regularly employed is not overcome by any evidence in this case. 32 Mo. App. 90; Hempst. 209; 1 Ark. 99. The cause of action was assignable. 24 Hun, 205; 58 Ark. 593.

WOOD, J. It appears that R. P. Robinson paid to W. L. Stuckey, the attorney for appellees, an amount of money sufficient to pay off the claims of appellees against D. B. Elliott *et al.* The payment to their attorney was a payment to them. Having received an amount sufficient to satisfy their judgment, they no longer had any cause of action against the sheriff. Accepting the money after a failure to return the execution was tantamount to a waiver of the cause of action growing out of such failure. They were no longer parties aggrieved by such failure. Section 3108, Sand. & H. Dig., does not contemplate that parties shall receive full satisfaction of their judgments and still pursue the sheriff for damages.

By an arrangement between Stuckey and Robinson, the suit was really instituted for their own benefit, to reimburse Robinson, and to secure certain attorneys their fees. Plaintiffs had no benefi-

cial interest in the suit. If their right of action were assignable, there is no pretense that they had assigned same. The fifth, sixth and seventh requests for instructions stated the law applicable to the facts, and should have been granted.

For the error indicated, the judgment is reversed, and judgment is entered here in favor of appellant for costs.