ARKANSAS-LOUISIANA HIGHWAY IMPROVEMENT DISTRICT *v.* DOUGLAS-GOULD AND STAR CITY ROAD IMPROVEMENT DISTRICT.

Opinion delivered March 10, 1919.

1. VENUE—TRANSITORY ACTION.—An action by one road district against another road district to enjoin the commissioners of the latter district from extending the whole of the assessments against lands in the county embraced in plaintiff district is in its general nature not local but transitory, not falling within the definitions of local actions in Kirby's Dig., § 6060, subdiv. 1-4.

2. HIGHWAYS—INJUNCTION SUIT BETWEEN TWO HIGHWAY DISTRICTS— VENUE.—Under Acts 1917, p. 1366, creating the Arkansas-Louisiana Highway Improvement District, suit against the district to restrain the commissioners from extending assessments on lands embraced in another district should have been brought in Desha County, domicile of defendant district.

3. DISMISSAL AND NONSUIT—VENUE.—A suit brought in the wrong county should be dismissed.

Appeal from Lincoln Chancery Court|; *John M. Elliott,* Chancellor; reversed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. The motion to dismiss and to quash the summons for want of jurisdiction should have been sustained. The suit should have been brought in Desha County and not in Lincoln County. Acts of 1917, pp. 1714, 1366. The suit was improperly brought in Lincoln County when it| should have been brought in Desha County, where the *venue* was properly under the act and our statutes. The defendant resided in Desha County and its domicile was there. The act requires all suits shall be by service on one of the commissioners in Desha County. The suit is

not *in rem* but is essentially *in personam*. Kirby's Digest, § § 6060-6072. This suit falls within the latter section. 42 Ark. 422-4.

2. The decree that appellant divide its assessment was erroneous. [The construction given section 34 of the appellee act (§ 34) seems to require impossibilities or great inconvenience and such must be avoided.] Endlich on Int. of Stat. 441, 251, 258; 91 Ark. 5; 104 *Id.* 583. The construction given by the court below reaches a conclusion that would make section 34 direct an assessment or rather a division of assessments obviously arbitrary and unequal, and the last sentence of the section is therefore void. The section may be considered as merely directory to the commissioners of appellee district that in making their assessments they should take into consideration the benefits afforded the Arkansas-Louisiana road and to this extent it is legitimate and proper. 97 Ark. 334. But anything requiring the property owners in one district to contribute to the benefits conferred by another district must be disregarded or stricken from the section as unlawful.

*A. J. Johnson,* for appellee.

1. The Lincoln Chancery Court had jurisdiction. Kirby's Digest, § 6072; Act No. 265, Acts 1917, § 19; 118 Ark. 128; 65 *Id.* 498; Act No. 345, Acts 1917, § 34. There was service on one of the commissioners in Desha County the domicile of appellant district. Acts 1917, No. 265, § § 4, 13, 25.

2. There is no error in the decree as to assessments of benefits. The relief sought is prohibitive. Any interference or extension of taxes against its half of benefits by defendant district would be unlawful and unauthorized. § 34, Act 1917; 72 Ark. 119; Kirby's Digest, § 3966. A careful reading of section 34 reveals the intention of the lawmakers and it should be carried out. § 9720, Kirby & Castle's Digest; 65 Ark. 529. The assessments are equal and uniform and the lands in both districts are equally benefited by the two roads. The Legislature has so declared, and it was its province to so

declare and make the rate the same in both districts.   97 Ark. 328; 84 *Id.* 390.

McCULLOCH, C. J.   Appellant is an improvement district created by special act of the Legislature (Acts 1917, p. 1366), embracing lands in Ashley, Chicot, Desha, Drew and Lincoln Counties, for the purpose of constructing certain roads described in the statute.   An attack was made on the validity of the statute, but it was declared valid in the decision of this court in *Bennett* v. *Johnson,* 130 Ark. 507.

Appellee district was created by a special statute enacted at the session of 1917 (Acts 1917, p. 1714), embracing certain territory in Lincoln County, for the purpose of improving a road in that county.

The two statutes are quite similar in form, and each provides for the appointment of commissioners with power to levy assessments and to borrow money, and to construct the improvements described in the statutes. The act creating appellee district went into effect seven days later than the act creating the other district, and contains the following provision:

"Section 34.   Any land the district may acquire may be sold by the commissioners for the price and on the terms they deem best.   A portion of the lands in the district created under this act are embraced in the Arkansas-Louisiana Road Improvement District, and it is hereby declared that the lands which are embraced in both districts will be benefited equally by the two roads, and that the assessment of benefits made upon said lands shall be at the same rate as the other lands similarly situated in said Arkansas-Louisiana Road Improvement District and in the district created under this act so that the tax derived from said lands shall be equally divided between the two districts."

The two organizations were perfected under the respective statutes and are proceeding with the construction of the improvements.   The commissioners in appellant district proceeded to levy assessments on all the lands in the district, including the lands in Lincoln

County which are embraced in appellee district, and the present action is one instituted in the chancery court of Lincoln County by the commissioners of appellee district against appellant to enjoin the commissioners of the latter district from extending the whole of the assessments against the lands in Lincoln County. The prayer of the complaint is that appellant district "and its board of commissioners be restrained from extending for assessment and collection more than one-half of the benefits they had assessed against the lands."

Counsel for appellant appeared in the action and filed a motion to quash the service of process and dismiss the action on the ground that the action was improperly instituted in Lincoln County, whereas the venue was properly in Desha County. The court overruled the motion, and appellant filed an answer in the action, but preserved its objection to the institution of the action in the wrong county. Final decree was rendered in favor of appellee in accordance with the prayer of its complaint, and an appeal has been duly prosecuted to this court.

We are of the opinion that under the statutes of this State the venue in this action was in Desha County, and that the court erred in refusing to sustain appellant's motion to quash the service and dismiss the action.

The special statute creating appellant district contains the following provision:

"The said commissioners and their successors in office shall compose a body corporate for the purpose of this act under the name and style of "Arkansas-Louisiana Highway Improvement District," and by this name may contract, and sue and be sued. The domicile of the corporation shall be in McGehee, in Desha County, and all suits against it shall be by service on one of the commissioners in that county."

The present action is, in its general nature, not local but transitory. It does not fall within the definitions of local actions found in either of the four subdivisions of section 6060 of Kirby's Digest. The action does not relate to the recovery of real estate, or an interest therein,

nor for the sale of real estate under a mortgage or other lien, or for an injury to real estate. It is merely a controversy between the two districts with respect to funds to be raised by assessments on certain real property, and does not constitute the kind of action mentioned in the section of the statute referred to above. The special statute creating the district, however, fixes the venue in the county of the domicile of the defendant.

The suit having been brought in the wrong county, it follows that the same should have been dismissed. The decree is, therefore, reversed and the cause remanded with directions to the chancery court to dismiss the action.