## CLEVELAND *v.* BIGGERS.

### Opinion delivered March 17, 1924.

1. VENDOR AND PURCHASER—RESCISSION—PARTIES.—In a suit for rescission of a conveyance of land, the grantor is a necessary party.

2. FRAUD—SUFFICIENCY OF COMPLAINT.—A complaint in a suit against the agents of a vendor which alleges that the defendants made false representations which were material and intended to deceive, and which did deceive, plaintiffs to their damage, states a cause of action for damages.

3. PRINCIPAL AND AGENT—LIABILITY OF AGENT FOR FRAUD.—One guilty of making fraudulent representations is not relieved from liability therefor by the fact that in making them he was acting as agent of another.

4. FRAUD—REMEDIES.—Purchasers of land, defrauded by the vendor's agents, may sue to rescind the sale and, upon reconveyance or offer to reconvey, recover the amount paid, or may sue for damages, or may recoup the damages where sued for the purchase price.

5. ELECTION OF REMEDIES—RIGHT TO MAKE.—A vendee of land, deceived by misrepresentations, and having a right to either one of three remedies, has a right to elect between such remedies, and, having made his election, is bound thereby.

6. DISMISSAL AND NONSUIT—DEFECT OF PARTIES—DEMURRER.—Defect of parties defendant in a suit to rescind a sale of land was properly raised by demurrer, and, where no offer was made to bring in necessary parties, the complaint was properly dismissed.

7. EQUITY—GIVING COMPLETE RELIEF.—Where a purchaser deceived by fraudulent representations, asks that a fraudulent conveyance be set aside, which could be obtained only in equity, that court has jurisdiction to afford complete relief by way of granting damages.

Appeal from Jackson Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*Harper E. Harb* and *Oliver & Oliver,* for appellants.

1. Every element of actionable fraud was alleged in the complaint, and it therefore stated a cause of action. 26 C. J. 1062 (6); 159 Ark. 479.

2. The jurisdiction in matters of rescission and cancellation of contracts is clearly in chancery. 96 Ark. 251; 113 Ark. 305; 128 Ark. 420.

3. Even though the S. C. Quimby Land Company, from whom the lands were purchased, was still existent and not insolvent, appellees cannot be heard to say that appellants must make it a party defendant in order to recover for a fraud perpetrated by appellees. 27 C. J. 10.

*Gustave Jones,* for appellees.

The complaint is silent with respect to the material and necessary averments recognized by all the courts as the principles upon which a rescission can be based, viz: a representation, and its falsity; that the vendee relied upon such representation and had a right to rely thereon, and was deceived thereby, and that it was material. In their brief appellants correctly set out the elements of actionable fraud, but they fall far short of embracing all these necessary elements in their complaint. 119 Ark. 95; 11 Ark. 66; 47 Ark. 164. The joint maker of a contract, or the grantor, is a necessary party in an action to rescind. 89 Ark. 147; 31 Ark. 175; 49 Ark. 100. The chancery court is without jurisdiction. Appellants are seeking to recover damages solely.

*Harper E. Harb* and *Oliver & Oliver,* for appellants, in reply.

On the question of defect of parties, the allegation in the complaint that the "S. C. Quimby Land Company has dissolved; that it was, at the time of the execution of the contract and at all times thereafter, wholly insolvent," set out a sufficient excuse for the nonjoinder. 131 Ark. 175.

SMITH, J. Appellants, the plaintiffs below, filed a complaint in the chancery court of Jackson County which contained the following allegations: In 1918, while plaintiffs were residents of Clay County, Arkansas, they

were induced by the defendants, William and Frank Biggers, who were sales agents for the S. C. Quimby Land Company, to look over some lands in southern Texas, which were arid, but seemingly fertile if they were irrigated. Defendants represented that an irrigation system was under construction and was so far advanced towards completion that they might rely on having water by April 20, 1918, which was early enough to make a crop that year. Defendants knew this representation was not true when it was made. Plaintiffs inquired if the lands were subject to overflow, and were assured by defendants that they were not subject to overflow, but were twenty feet above overflow, whereas the lands were subject to overflow, and had in fact overflowed many times prior to this representation, and several times since.

Plaintiffs relied upon these representations, and, in reliance thereon, entered into a contract for the purchase of the lands shown them by defendants. A substantial payment was made in cash, and notes were executed for the balance of the purchase money.

Plaintiffs moved to Texas with their families, and spent large sums of money building houses, clearing the lands, and planting crops. Water was not furnished, and the crops never sprouted. Later the Rio Grande River rose and completely flooded the land. Plaintiffs thereafter left the land, and demanded the return of their notes and the money paid. This demand was refused.

Defendants received as their commission on the sale all of the notes, and assigned one of them to a bank, which plaintiffs were required to pay, for the reason that the bank was a *bona fide* purchaser.

Plaintiffs immediately brought suit for rescission, but the suit was dismissed without prejudice because of inability to obtain proper service of summons. Other suits were brought for the same purpose, and were dismissed for the same reason.

In March, 1922, plaintiffs filed this suit and obtained service against defendants, and they prayed rescission of the contract, and made a tender of reconveyance of the lands to any person defendants might name.

The wives of William and Frank Biggers were made parties defendants, and it was alleged that their respective husbands had fraudulently conveyed their lands to their wives, and that, except for the lands involved, William and Frank Biggers are insolvent. It was alleged that these deeds were executed without consideration and for the purpose of defrauding the plaintiffs by preventing them from recovering damages for the fraud perpetrated on them.

It was further alleged that the title to the lands was in one E. A. Mueller, a resident of St. Louis, Missouri, who executed the deed pursuant to the contract of sale, at the request of the Quimby Land Company, a corporation organized under the laws of the State of Missouri, and that this corporation was insolvent at the time of the sale of the lands, and had since dissolved.

Defendants, William and Frank Biggers, had charge of the sale of the lands, and personally conducted the excursions of prospective buyers, and so conducted the trips of plaintiffs which led to their purchase, and on this trip plaintiffs "were so engaged and directed that they could have no opportunity of talking to disinterested residents in the neighborhood of said lands, if there were such," and that, in response to plaintiff's inquiries about the lands being subject to overflow, the "defendants, William and Frank Biggers, knowingly, and with the intent to deceive and cheat and defraud plaintiffs, represented that said lands were not subject to overflow at all, but that they were twenty feet above high water." A similar allegation was made in regard to the alleged false representation concerning the irrigation of the land.

After alleging the cash payment, and the improvements made, and number and amount of purchase money notes outstanding and held by defendants, the complaint alleges "that all the representations hereinbefore set out

and made by defendants to plaintiffs, to the effect that said lands were not subject to overflow, and that water would be furnished for irrigating purposes by the 20th day of April, 1918, were material, and were false and fraudulent, and were known to defendants to be false at the time said representations were made; * * * and that said representations were made for the purpose of cheating and defrauding these plaintiffs.''

There was an allegation that, unless prevented by the order of the court, the notes would be transferred to innocent purchasers, which plaintiffs would have to pay, and there was a prayer that the defendants be restrained from selling or disposing of the notes, and that the same be brought into court and canceled. There was a prayer also that the sale of the lands be rescinded, and that defendants be ordered to designate a grantee to whom the lands should be reconveyed, and a tender of such conveyance was made, and that plaintiffs have judgment against the defendants for the purchase money they had paid and the other damages they had sustained, including the cost of their improvements and certain expenses which they had incurred in connection with the sale of the lands.

There were certain allegations about the terms of the contract of purchase, which need not be recited.

A demurrer to this complaint was filed on the grounds, (1) that the complaint did not state facts sufficient to constitute a cause of action; (2) that the court was without jurisdiction; and (3) that there was a defect of parties defendant. This demurrer was sustained, and, as appellants stood on the complaint, the cause was dismissed, and this appeal is from that decree.

It is, of course, obvious that a cause of action for rescission was not stated, for the reason that the grantor in the deed to plaintiffs was not made a party to the suit, the only parties defendant being William and Frank Biggers and their wives. *Gibson* v. *Johnson,* 148 Ark. 569.

In Black on Rescission and Cancellation, § 657, it is said: ''In order to obtain a decree in equity for the

rescission of a contract or the cancellation of a written instrument, it is necessary to bring before the court, as parties to the action, all those having interests in the subject-matter, or whose rights or claims must be adjudicated and concluded in order to do complete equity in the premises.'' See also § 29 of the article on Cancellation of Instruments in 4 R. C. L., page 517, and § 126 of the article on Cancellation of Instruments in 9 C. J., page 1225.

The complaint does allege that William and Frank Biggers were beneficially interested in the sale of the lands and were the instrumentalities through which the sale was effected, but it does not allege they were grantors in the deed or parties to that conveyance.

We think, however, that a cause of action for damages was stated. By fair intendment the complaint does allege a representation and its falsity, that the vendees relied upon said representation, and had a right so to rely, and were deceived thereby, that the false representations were material to the contract, and resulted in plaintiffs' damage, and were made to accomplish that purpose.

In *Cruce* v. *Mitchell,* 122 Ark. 141, we quoted from the case of *Dickerson* v. *Hamby,* 96 Ark. 163, as follows: '' 'In determining whether a pleading, complaint or answer makes sufficient allegations to constitute a cause of action or to state a defense, every fair and reasonable intendment must be indulged in to support such pleading. If the averments are incomplete, ambiguous or defective, the proper mode to obtain correction is by motion to make the allegations more definite and certain.' ''

When considered upon demurrer, we think the allegations of the complaint were sufficient to state a cause of action for damages. If these allegations were sustained, the plaintiffs would be entitled to recover damages.

The fact that the defendants were acting as agents affords them no excuse for deceiving and damaging plaintiffs. ''Where loss or injury is caused to a third person

by the wrongful act or omission of an agent while acting on behalf of his principal, the agent is personally liable therefor, whether he is acting with the authority of the principal or not, to the same extent as if he were acting on his own behalf." Tiffany on Agency, § 96. See also *Strayhorn* v. *Giles,* 22 Ark. 517; *Stiewel* v. *Borman,* 63 Ark. 30; § 30, chapter on Principal and Agent, in 21 R. C. L., page 850; Mechem on Agency, 2d ed., § 1458, page 1080; *Fidelity Funding Co.* v. *Vaughan,* 18 Okla. 13, 90 Pac. 34, 10 L. R. A. (N. S.) 1123.

If the allegations of the complaint are true, plaintiffs had the choice of three remedies: (1) They had the right, in a suit against proper parties, to annul the contract, and, by reconveying, or offering to reconvey, the property, within a reasonable time, to recover what they had paid under the contract; (2) they might have retained the property and sued for the damages sustained by reason of the false and fraudulent representations; (3) they could have recouped the damages when sued for the purchase money. *Meier* v. *Hart,* 143 Ark. 539, 542.

The law gives a party thus wronged the choice of these remedies, and he may pursue the one he thinks most advantageous to himself. *Fort Smith Lbr. Co.* v. *Baker,* 123 Ark. 275. But he cannot pursue them all. He must elect between them.

The defendants say this suit is, in effect, a suit for the damages alleged to have been sustained by the false representations; but plaintiffs disclaim the intention of maintaining a suit of that character. In disclaiming such purpose it is said in the reply brief: "If that were the action (one for damages) appellants would have alleged the purchase, the value of the land purchased, and asked damages for the difference. But this is not the cause of action. Appellants ask simply and plainly to rescind— to reconvey the lands purchased to appellees or to any one to whom appellees desire the conveyance to be made —and to recover the entire amount paid on the purchase, and to recover their notes now held by appellees."

But for this insistence we would remand the cause for trial as a suit for damages. However, the right of election of remedies rests with the plaintiffs, and not with us, and we cannot make the election for them. *Belding* v. *Whittington,* 154 Ark. 561.

The question of defect of parties to maintain an action for rescission was properly raised by demurrer, and, as there was no offer to bring in the necessary parties, the complaint was properly dismissed. C. & M. Digest, § 1189.

In *Eagle* v. *Beard,* 33 Ark. 497, it was said: "If the bill had equities, it should not have been dismissed on this account (defect of parties) before refusal of the complainants to bring in other parties, after a proper order of the court to that end, and such an order should have been made by the court of its own motion, if the bill would have presented equitable grounds of relief against all defendants when properly brought in. The proper practice, in such cases, where defect of parties is developed by the bill itself and a special demurrer is interposed on that ground, is to sustain the demurrer and dismiss the bill, unless complainants ask leave to amend by bringing in other parties. But when the demurrer is general, the court should look alone to the equities of the bill, and, if it finds that the bill should stand *with* proper parties, it should overrule the demurrer, and order such parties to be brought in as are indispensable to a full settlement of the matters in interest between the parties already before the court."

The action of the court in sustaining the demurrer and dismissing the complaint is defended upon the ground that, as a suit for damages, relief could be granted only in a suit at law.

The case of *Horstmann* v. *LaFargue,* 140 Ark. 558, is against that view. In that case a suit for personal injuries was brought in equity, and in the same suit it was asked that certain alleged fraudulent conveyances be uncovered. The jurisdiction of the court was challenged upon the ground that a suit for unliquidated

damages could be maintained only at law; but we held that, inasmuch as it was necessary for the plaintiff to go into equity to uncover the fraudulent conveyances, all the matters in issue should be adjudged and complete relief afforded. This subject was there thoroughly considered, and need not be again reviewed.

So here the plaintiffs asked the relief of uncovering certain alleged fraudulent conveyances, which could be obtained only in a court of equity, and the court would therefore have had jurisdiction to afford complete relief, by way of granting damages, if plaintiffs had elected to pursue that remedy.

It follows from what we have said that the demurrer was properly sustained, and the decree is affirmed.