OBENNOSKEY *v.* PENNINGTON.

4-8818                                      218 S. W. 2d 711

Opinion delivered March 21, 1949.

*Oscar Barnett,* for appellant.

*R. D. Rouse,* for appellee.

HOLT, J. May 11, 1948, appellant, a resident of Hot Spring county, sued appellees in that county for damages for allegedly alienating the affections of appellant's wife, who is the daughter of appellees. At the time the present action was filed, and at all times thereafter, appellees were residents of Prescott, Nevada county, where they had lived for several years and are now residing. Summons was served on them May 27, 1948, in Nevada county. On July 22, 1948, a day of the regular term of the Hot Spring Circuit Court, appellees, not having answered or filed any pleading, appellant was awarded a judgment by default against appellees and thereafter on September 14th, caused a writ of garnishment to be issued out of the Hot Spring Circuit Court against the wages of J. C. Pennington, who is employed by the Ozan Lumber Company at Prescott. Thereafter, and at the same term of the court, appellees appeared specially, and without entering their general appearance, filed a motion asking that said default judgment be set aside, voided, and that appellant's suit be dismissed on the ground ''that no judgment could be rendered against defendants, appellees, except in the

county where they, or one of them, was served with summons, and no service was had on them in Hot Spring county.''

The trial court sustained appellees' motion, giving as a reason therefor that "the Hot Spring County Circuit Court did not have jurisdiction of the persons of either of the said defendants and said verdict and judgment rendered in the Hot Spring County Circuit Court are void and of no effect and should be set aside and said action dismissed,'' and accordingly set aside said default judgment and dismissed appellant's complaint, as well as the garnishment against the Ozan Lumber Company.

This appeal followed.

We find no error in the action of the trial court. The court had control over its judgments at all times during the term at which they were rendered.

We said in *Wells Fargo & Co.* v. *Baker Lumber Company,* 107 Ark. 415, 155 S. W. 122: '' 'During the whole of the term, at which a judgment or order is rendered, it remains subject to the plenary control of the court, and may be vacated, set aside, modified or annulled . . . This is a power inherent in all courts of general jurisdiction and is not dependent upon nor derived from the statutes.' 23 Cyc. 901.

''In *Ashley* v. *Hyde,* 6 Ark. [92] 100, this court said: 'During the term at which judgment is rendered, the power of every court of record to set aside, vacate and annul its judgments and orders, is undoubted. This is a power of daily exercise by the courts, in the granting of new trials, arrests of judgment and in other proceedings of like character. Its exercise and propriety can not be questioned; it is based upon the substantial principles of right and wrong, and for the furtherance of justice.'

''In *Underwood* v. *Sledge,* 27 Ark. [295] 296, this court said: 'It is well settled in this State, that a court has control over its orders and judgments during the term at which they are made, and, for sufficient cause, may modify or set them aside.' ''

It is undisputed that appellees were residents of Nevada county and were served with summons in that county in the present action brought in Hot Spring county, and that they had at no time entered their appearance in the suit, or waived jurisdiction, but appeared specially, as indicated, to question the court's jurisdiction over them in person. Under our Venue Statutes (Ark. Stat., §§ 27-601 to 27-618) which localized certain actions according to the nature of the subject-matter and relative situation of the parties, not including or localizing actions for alienation of affections, which is transitory, § 27-613 of said Venue Statutes provides that "every other action may be brought in any county in which the defendant, or one of several defendants resides, or is summoned."

In the circumstances here, this latter provision controls the venue and appellees, not having waived jurisdiction or entered their appearance, could be sued only in the county of their residence, or where proper service of summons was had.

Accordingly, as indicated, the court did not err in setting the default judgment and the garnishment aside, and in dismissing appellant's complaint. (*Arkansas-Louisiana Highway Improvement District* v. *Douglas-Gould and Star City Road Improvement District*, 138 Ark. 162, 210 S. W. 150.)

Affirmed.