LIMBERG v. LUTZ.

5-2924          365 S. W. 2d 713

Opinion delivered March 11, 1963.

[Rehearing denied April 8, 1963.]

*White & Martin,* for appellant.

*Warner, Warner & Ragon,* for appellee.

SAM ROBINSON, Associate Justice. Appellants, Mary Limberg, and her son-in-law, Hugh Connor, filed suit against Herman A. Lutz and Fred A. Lutz, conducting a plumbing business as a partnership under the firm name of Lutz Brothers. The Complaint alleges that the defendants negligently set appellant Limberg's dwelling house on fire while doing some plumbing.

Mrs. Limberg alleged damages in the sum of $11,046.57. Hugh Connor alleged that some personal property he had in the house was damaged in the sum of $824.88. Bertha Connor, wife of Hugh, filed an Intervention in which she alleged personal property damages to the extent of $116.70. The defendants, appellees herein, filed an Answer and Motion to Dismiss the Complaint and Intervention, alleging that Mrs. Limberg and

the Connors were not the real parties in interest; that they had insurance which covered the loss sustained by reason of the fire; that the insurance company had paid the loss and had been subrogated to the rights of the plaintiff.

Mrs. Limberg and the Connors filed a response to the motion, stating that they were the real parties in interest and pointing out that the insurance company had not requested that it be made a party and had not intervened. The trial court entered an order holding that the Providence-Washington Insurance Company was a necessary party and directing that the complaint be dismissed unless the insurance company was made a party plaintiff. The insurance company filed a motion to set aside the order requiring it to become a party plaintiff, and alleged that it was not a necessary party, and further, that it waived any cause of action it might have against the defendant Lutz by reason of the assignment. The motion was overruled. The insurance company filed a complaint and the case proceeded to trial.

During the trial it developed that Mrs. Limberg had fire insurance covering damages to the property to the extent of $6,500.00 and that the full amount of the insurance had been paid to her. The trial resulted in a verdict for the defendants. All the plaintiffs and the intervenor in the Circuit Court have appealed.

The principal contention by appellants is that the trial court erred in forcing the insurance company to become a party plaintiff by ordering a dismissal of the case unless the insurance company joined as a plaintiff.

The first question is whether the insurance company was a necessary party to the maintenance of the suit. Mrs. Limberg's claim against the Lutz Brothers up to $6,500.00 had been assigned to the insurance company; therefore, of course, that company was a proper party, but was it a necessary party? Appellees cite as sustaining their position, the case of *National Fire Ins. Co.* v. *Pettit-Galloway Co.*, 157 Ark. 333, 248 S. W. 262, but that case merely holds that since the cause of action was not assignable by law, the assured was the real party in inter-

est and a necessary party plaintiff. The question of whether *the insurance company, the assignee,* was a necessary party was not an issue. Appellees also rely on the case of *Home Ins. Co.* v. *Lack,* 196 Ark. 888, 120 S. W. 2d 355, There, the insurer and the assured had joined as plaintiffs in a case similar to the case at bar, and this court held that the insurance company was a proper party. There was no issue of whether it was a necessary party.

Another case relied on by appellees is *Chicago R.I. & P. R. Co.* v. *Cobbs,* 151 Ark. 207, 235 S. W. 995. Cobbs, the owner of property destroyed by fire, and the insurance company insuring against the loss, and assignee, filed suit against the railroad company alleging that the fire was caused by the negligence of that company. Both the insurer and the assured were parties plaintiff. The issue on the joinder of parties question was whether the insurance company was a proper party. There was no issue of whether it was a necessary party, but by way of *obiter dictum* the court said the insurance company was a necessary party. In *Motors Insurance Corp.* v. *Coker,* 218 Ark. 653, 238 S. W. 2d 491, we pointed out that the issue in the Cobb case was whether the insurance company was a proper party. In *McGeorge Contracting Co.* v. *Mizell,* 216 Ark. 509, 226 S. W. 2d 566, the court said; ''Where the loss exceeds the amount of the insurance, so that payment under the insurance contract constitutes but a partial satisfaction of the damages sustained, leaving a residue to be made good by the wrongdoer, it has been held that insured may maintain in his own name the action against the tort-feasor, which may be for his own benefit and for the benefit of the insurer. In such case insured may recover the full amount of the loss for which the tort-feasor is liable and insurer is not a necessary party.'' In *Dowell, Inc.* v. *Patton,* 221 Ark. 947, 257 S. W. 2d 364, the court not only held that the insurance company was not a necessary party, but also held that evidence of its payment to the assured was not admissible. The rule in the McGeorge and Dowell cases was approved in *Summerhill* v. *Shannon,* 235 Ark. 617, (October 29, 1962).

Our conclusion is that the insurance company was not a necessary party to the litigation. Having reached that determination, the next question is whether the plaintiffs and intervenor were prejudiced by the trial court's action in compelling the insurance company to become a party plaintiff by ordering that the action be dismissed unless the company joined as plaintiff.

The insurance company objected to being made a party at its own risk, because it could not have maintained a separate suit against Lutz Brothers. *Motors Insurance Corp.* v. *Coker, supra.* Mrs. Limberg and the Connors did not want the insurance company in the case as a party plaintiff, and the insurance company did not want to be a party. In these circumstances, we feel it was prejudicial to the plaintiffs' interest to have the case confused by injecting the subject of insurance. In both the Dowell and Summerhill cases, above mentioned, we held that evidence was not admissible to show plaintiff's loss was partially covered by insurance. In addition, a plaintiff has the right to plan his trial and course of action according to his own views so long as his procedure is valid. He should not be compelled to have another party associated with him when such other party is not necessary to the action and when neither he nor the other party desire such association.

There can be differences of opinion on the selection of the jury and other procedures, and the bringing of such a party into the case may confuse the jury. This very thing appears to have occurred in the case at bar. When the jury returned the verdict for the defendants, the foreman of the jury said to the court: "I would like to make a little comment following this verdict, if I may ... and I'd like to state on behalf of the jury that we took several ballots before making this decision and it was the feeling of the jury that although there may have been some indication of negligence, there was enough improvement, and on the basis of this they returned this unanimous verdict." Apparently, the foreman was talking about the repairs to Mrs. Limberg's house exceeding in value the $6,500.00 in insurance. Of course, the Connors were also in the case.

Appellants also argue that the court erred in refusing to permit counsel to examine veniremen on the doctrine of *res ipsa loquitur*. This was a matter of discretion with the trial court.

For the error in compelling the insurance company to become a party plaintiff, the judgment is reversed and the cause remanded.