FERDINAND D. HAND AND JAMES W. RANDALL,
D/B/A SOUTHLAND INSURANCE AGENCY
*v.* NORTHWESTERN NATIONAL INSURANCE
COMPANY

73-172                           502 S.W. 2d 474

Opinion delivered December 24, 1973

*Wright, Lindsey & Jennings,* for appellants.

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal springs from the dismissal of appellants' complaint on motion of appellee. Appellants operate an insurance agency and appellee is their insurer under an Insurance Agents' and Brokers' Errors and Omissions Policy. This action was brought by appellants to recover from appellee the amount of a fire loss allegedly suffered by F. L. and Delma Abernathy which was not covered by fire insurance due to the failure of appellants to renew a policy. Appellee first filed a pleading which it entitled "Motion to Dismiss." This motion alleged that plaintiffs are not the real parties in interest and that defendant was not a proper party. After a response by appellants, which seems to be more responsive to a brief of appellee in support of its motion than to the motion itself, appellee filed an amendment to its motion, "readopting" the allegations of its original motion, but adding that it was not a proper party defendant for the "additional" reason that the policy involved contained the following clause:

> *Action Against Company.* No action shall lie against the company unless, as a condition precedent the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the company.

Appellants then filed a supplemental response, which also seems to be more in the nature of a brief than a response. The gist of this response is the contention that the appellants, under the circumstances should not have been required to suffer a lawsuit and judgment against them, when their admitted negligence and the damages suffered in the matter were clear, particularly in view of a denial of coverage by appellee. Appellants also claimed to be the real party in interest because they had paid the full amount of the loss to the party to have been insured, $11,700, of which $10,700 was loaned to

.them by Farmers and Merchants Insurance Company, under the terms of a loan receipt in which their right to sue appellee was recognized. Appellee covered all losses in excess of $1,000.

After the circuit judge had advised counsel for both parties by letter that the motion was sustained, appellants filed a motion to set aside the judgment of dismissal (which had not then been formally entered). The grounds alleged were that appellee's motion to dismiss was not a proper pleading under the laws of Arkansas and that, if it were treated as a motion for summary judgment, there remained genuine and material issues of fact. Thereafter, the formal order of dismissal was entered. It contained these specific findings:

1. That the plaintiffs are bound by the terms of their written contract with the defendant.

2. That the plaintiffs are bound by their contract and by the law of this state and are precluded from bringing a direct action against this defendant.

3. That defendant, Northwestern National Insurance Company is not a proper party defendant in this cause.

The rules of pleading in this state are appropriately liberal and this court has, at least since the adoption of the Civil Code, regarded substance rather than form. In this case, however, the true nature of the pleadings seems well obscured by their titles and the treatment given them by the parties. Whatever they are, we are convinced that the order of dismissal was at least premature.

A motion to dismiss upon jurisdictional grounds or for want of venue has been recognized by this court. See *Hoggard & Sons* v. *Russell Burial Assn.*, 255 Ark. 576, 501 S.W. 2d 613; *Arkansas-Louisiana Highway Improvement District* v. *Douglas-Gould and Star City Road Improvement District,* 138 Ark. 162, 210 S.W. 150. We have also approved its use to obtain dismissal for abuse of process. *Heard* v. *McCabe*, 130 Ark. 185, 196 S.W. 917. When based upon the assertion that the complaint fails to state a cause of action, it is tantamount to a general demurrer. *Meeks* v. *Arkansas Power & Light Co.*, 147 Ark. 232, 227 S.W. 405. Such a pleading is not described in

the Civil Code, or amendments thereto, and our attention has not been called to any case in which it has been recognized for other purposes, except, of course, for the motion to dismiss a chancery case for insufficiency of the evidence on behalf of a plaintiff, provided for by Ark. Stat. Ann. § 27-1729 (Repl. 1962). Ark. Stat. Ann. § 27-1162 (Repl. 1962), relied upon by appellee does not authorize any pleading. It simply authorizes hearings on pretrial motions outside the county in which an action is pending.

This court has always determined the nature and function of a pleading by its content, and sometimes even by the manner in which it is treated by the parties and the trial court, rather than by its title. See *Hoggard & Sons* v. *Russell Burial Assn.*, supra. When we view appellee's first motion in this case, it appears that it should be characterized as a demurrer for defect of parties, authorized by Ark. Stat. Ann. § 27-1115 (Repl. 1962). Appellee says in its brief here that the court correctly granted its motion as a demurrer for defect of parties. In order for such a demurrer to be sustained, the defect must appear upon the face of the complaint. *Hoggard & Sons* v. *Russell Burial Assn.*, supra. See also, *McCallister's Admr.* v. *Savings Bank of Louisville*, 80 Ky. 684 (1883), construing the code section we adopted and now appearing as Ark. Stat. Ann. § 27-1115; *Cleveland* v. *Biggers*, 163 Ark. 377, 260 S.W. 432.

There is nothing in the complaint to suggest that the plaintiffs are not the real parties in interest, i.e., the sole owner of the alleged cause of action against appellee. Even though the insurance contract is the basis of appellants' cause of action, and is described and identified in the complaint, it was not made an exhibit thereto. The terms relied upon by appellee are nowhere mentioned in the complaint. There is nothing in the complaint to indicate that appellee is not the only possible defendant in the cause of action alleged by appellants. The first motion could not properly have been sustained as a demurrer.

The amendment to this motion, by importing grounds based upon facts not appearing on the face of the plead-

ing, seems to have made the pleading a "speaking demurrer." *Hoggard & Sons* v. *Russell Burial Assn.,* supra. Such a pleading is not only not recognized but is abhorred, eschewed and rejected by the courts of Arkansas. *Hoggard & Sons* v. *Russell Burial Assn.,* supra; *Jones* v. *Capers,* 231 Ark. 870, 333 S.W. 2d 242; *Rider* v. *McElroy,* 194 Ark. 1106, 110 S.W. 2d 492. It has only been given consideration when it could be treated as a motion to dismiss for want of jurisdiction. *Hoggard & Sons* v. *Russell Burial Assn.,* supra; *Askew* v. *Murdock Acceptance Corporation,* 225 Ark. 68, 279 S.W. 2d 557.

Somewhere in the course of the proceedings, however, appellee resorted to a discovery deposition of appellant Jim Randall. Nothing in that deposition showed that the court did not have jurisdiction of the cause of action. We do not agree with appellee that it was proper to introduce proof on the question of a defect of parties on demurrer. Although appellee nowhere suggests that its pleadings should be considered as a general demurrer, evidence could not be offered in that case either. This leaves the motion for summary judgment as a basis of treatment of the motion which could result in a dismissal of the action. If so, its character as such was so well veiled that an adverse party might well be excused for not responding to it as such. Appellants suggest that possibility, but appellee does not so treat it.

Appellee, as a matter of fact, states in its brief that the trial court correctly construed its initial motion as the equivalent of a demurrer for defect of parties. It went on to submit that the court correctly allowed the motion to be amended so as to allow proof to be taken on the question regarding a defect of parties and properly dismissed the complaint on that basis. While we do not agree, we should affirm this order, if we could sustain it on any ground. *Reamey* v. *Watt,* 240 Ark. 893, 403 S.W. 2d 102; *Reeves* v. *Arkansas Louisiana Gas Co.,* 239 Ark. 646, 391 S.W. 2d 13; *Polk* v. *Stephens,* 126 Ark. 159, 189 S.W. 837. This being so, and in view of the statement in the order of dismissal that the court had considered the depostion of Randall, we have considered the motion as one for summary judgment and find that

we cannot sustain the order as the granting of such a motion.

In order for summary judgment to be justified, there must have been no genuine issue of material fact. All doubts about the question are resolved and all inferences drawn against the moving party. *Moon* v. *Sperry & Hutchinson Co.*, 250 Ark. 453, 465 S.W. 2d 330; *Evers* v. *Guaranty Inv. Co.*, 244 Ark. 925, 428 S.W. 2d 68. The evidence must be viewed in the light most favorable to the party against whom the judgment would go. *Wilson* v. *McDaniel*, 247 Ark. 1036, 449 S.W. 2d 944. If fair-minded men might differ about the conclusion to be drawn or if inconsistent hypotheses might reasonably be drawn from the supporting testimony, a summary judgment should be denied. *Mason* v. *Funderburk*, 247 Ark. 521, 446 S.W. 2d 543; *Harvey* v. *Shaver*, 247 Ark. 92, 444 S.W. 2d 256. If there is any doubt whatever, a summary judgment should be denied. *Bull* v. *Manning*, 245 Ark. 552, 433 S.W. 2d 145.

The deposition of Randall, the only possible support for a motion for summary judgment in this case, rather than clearly demonstrating the absence of such an issue, tends to indicate that there are genuine issues of material fact. Randall revealed that:

His agency, having placed homeowner's insurance on the Abernathy property with Farmers and Merchants Insurance Company, a subsidiary of the Silvey Companies for six years, sent renewal notices to the Abernathys and had received a renewal premium from them prior to July 24, 1971, the renewal date. The renewal statement was then placed in the Abernathy file in the agency office instead of being processed for a renewal policy in the usual manner. The agency did not check the "account current" listing furnished it by Silvey from which it could have detected that the insurance company had dropped the Abernathy policy. As a result, the premium was never remitted to any insurance company, and no policy was ever issued. There was no reason to believe that the Abernathy policy would not have been renewed routinely by Farmers and Merchants. The Abernathy dwelling house was later destroyed

by fire. On the date of the fire, Randall notified both Farmers and Merchants and Northwestern. When the Abernathys asserted a claim, Randall notified Silvey, who advised him to call his errors and omissions carrier. When Randall did so, appellee's claims manager, Ken Rhinehart, stated that, in his opinion, appellants had no claim against appellee and that they would have to collect from Silvey. A few weeks later, Randall again talked to Rhinehart who told him that Northwestern could only help if appellants and the Abernathys joined in a suit against the Silvey Company and that Northwestern would defend appellants against any liability they incurred. Randall objected to involving his customers in a lawsuit. According to Rhinehart, the only alternative was for Silvey to pay the claim and file suit against Northwestern to recover. Subsequently, Silvey officials agreed to advance $10,700 of the $11,-700 loss on the basis of a loan receipt executed by appellants. By this receipt, appellants acknowledged receipt of the sum advanced by Farmers and Merchants, repayable only from any net recovery made from appellee. This receipt contained the following clause:

> As security for repayment of the loan I hereby appoint FARMERS AND MERCHANTS INSURANCE COMPANY, its officers and agents, as attorneys in fact, with irrevocable power to collect, compromise, or abandon any such claim and to institute, prosecute, compromise or withdraw, in may [my] name but at the expense of FARMERS AND MERCHANTS INSURANCE COMPANY, any legal proceedings which it may deem necessary or proper to carry into effect the purpose of this agreement.

Thereafter, Northwestern canceled the errors and omissions policy, charging appellants with entering into an agreement that was neither ethical nor legal.

We find no basis for dismissing the complaint as an unauthorized "direct action" by appellants against their "errors and omissions" insurer. Any action by the insured against the insurer on an indemnity policy is, of course,

a direct action. But appellee contends that, because there is no statute authorizing such an action, the motion was properly sustained. The action is not prohibited by law, and we see no reason why special statutory authority for such a suit is required. The basic issue is whether appellee breached its contract of insurance with appellants.

We cannot agree with appellee that the statement of Rhinehart must be taken, not as a denial of coverage under the policy, but as a denial of appellants' liability to the Abernathys. We deem Randall's testimony on this point to be subject to a construction contrary to that given it by appellee, so that it would raise a question of fact. At least, we cannot say that the matter is free from doubt.

Appellee says appellants were not guilty of any negligence that proximately caused any damages to the customer of appellants. We see no merit in appellee's contention that there was no liability to the Abernathys on the part of appellants. See *Martin* v. *Langley*, 252 Ark. 121, 477 S.W. 2d 473; *Derby* v. *Blankenship*, 217 Ark. 272, 230 S.W. 2d 481; *Lawrence* v. *Francis*, 223 Ark. 584, 267 S.W. 2d 306.

The policy exhibited to Randall's deposition contains the usual clauses prohibiting the insured from making any payment or assuming any obligation, except at its own cost. It also permits recovery from appellee after a claimant has secured a judgment against the insured. Still, there are circumstances other than the insurer's refusal to defend an action actually filed under which the insured is entitled to recover from its insurer after having made a settlement with a claimant in spite of such clauses. *Home Indemnity Co.* v. *Snowden*, 223 Ark. 64, 264 S.W. 2d 642; *St. Paul Fire & Marine Insurance Co.* v. *Crittenden Abstract & Title Co.*, 255 Ark. 706, 502 S.W. 2d 100; *Carter* v. *Aetna Casualty & Surety Co.*, 473 F. 2d 1071 (8th Cir. 1973); *L. A. Tucker Truck Lines* v. *Baltimore American Ins. Co.*, 97 F. 2d 801 (8th Cir. 1938); *Isadore Rosen & Sons, Inc.* v. *Security Mutual Ins. Co.*, 31 N.Y. 2d 343, 291 N.E. 2d 380 (1972). Randall's testimony would at least raise an issue of fact as to whether appellee, by its inac-

tion in failing to investigate and settle the claim of the Abernathys repudiated the contract or had waived the provisions on which it relies. And there is no certainty that the amount of the loss was $11,700, although it may be that this amount would be fixed under the valued policy law, and there may be a question of fact on this point. The complaint does not show appellants' reasons for making the payment to the Abernathys, but Randall's deposition is adequate to show that when issue is properly joined there could be a question of fact as to appellants' justification in doing so. If appellee's motion was for summary judgment (and appellee does not contend that it was) the burden was on it to show beyond doubt that no question of fact existed. Certainly, the existence of a question of fact is not foreclosed by Randall's deposition. Appellee did not clearly demonstrate that it acted in good faith in failing to recognize the liability of appellants to Abernathy.

There remains the remote possibility that appellee's pleading could have been treated as a motion to dismiss for want of necessary parties under the third subdivision of Ark. Stat. Ann. § 27-1405 (Repl. 1962), although the court's order seems to preclude that possibility, and it seems to have been indicated in our decisions that this statute is to be invoked at trial. See *Duval* v. *Mayson,* 23 Ark. 30; *Powell* v. *Massey-Herndon,* 69 Ark. 79, 62 S.W. 66. Be that as it may, such a motion would fail unless Farmers and Merchants is the real party in interest or is a necessary party plaintiff. But so far as this record discloses, Farmers and Merchants has really only loaned appellants money to be used in satisfying the Abernathys, with the understanding that it is to be repaid only from appellants' recovery from appellee, if any. While we do not consider Farmers and Merchants to be an insurer of appellants in any sense of the word, their position, as far as this record discloses, is somewhat analogous to that of the insurer which pays a part of its insured's loss. If that analogy is drawn, appellants remain the real parties in interest and Farmers and Merchants is not a necessary party to the action. *Limberg* v. *Lutz,* 236 Ark. 264, 365 S.W. 2d 713; *Washington Fire & Marine Ins. Co.* v. *Hammett,* 237 Ark. 954, 377 S.W. 2d 811; *McGeorge Contracting Co.* v. *Mizell,* 216 Ark. 509, 226 S. W. 2d 566. By the same analogy, Farmers and Merchants

was entitled, under the loan receipt, to prosecute the action in the name of appellants. *Graysonia, N. & A. R. Co.* v. *Newberger Cotton Co.*, 170 Ark. 1039, 282 S.W. 975; *Ry. Co.* v. *Fire Assn.*, 60 Ark. 325, 30 S.W. 350, 28 L.R.A. 83; *Dixey* v. *Federal Compress & Warehouse Co.*, 132 F. 2d 275 (8th Cir. 1942).

The order of dismissal is reversed and the cause remanded for further proceedings.