ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY
COMPANY *v.* GREEN.

Opinion delivered November 24, 1913.

1. RAILROADS—PASSENGERS—OPPORTUNITY TO PURCHASE TICKET.—A person who goes to the station of a railway company for the purpose of becoming a passenger, but is given no opportunity to purchase a ticket, has a right to board the train as a passenger, without a ticket. (Page 236.)

2. RAILROADS—INJURY TO PASSENGER—LIABILITY—SUFFICIENCY OF THE EVIDENCE.—In an action against a railroad company for damages for personal injuries, received while attempting to board a moving train, testimony of plaintiff that, although she came to the station in ample time, she had no opportunity to purchase a ticket; that she attempted to board the train, and was sent back to the office for a ticket, with the assurance that she had plenty of time in which to get it; that she returned to the office, but was unable to get a ticket, and before she could return and reach the train, it was in motion; *held*, sufficient to warrant a verdict in plaintiff's favor. (Page 237.)

3. RAILROADS—INJURY TO PASSENGER—ATTEMPT TO BOARD A MOVING TRAIN.—An attempt by a passenger to board a moving train does not necessarily constitute negligence; that is a question for the jury under all the facts and circumstances of the case as established by the evidence. (Page 237.)

4. RAILROADS—ATTEMPT OF PASSENGER TO BOARD A MOVING TRAIN.—It is not negligence on the part of a passenger, as a matter of law, to attempt to board a slowly moving train, from the station platform, upon the invitation of employees of the railway company. (Page 237.)

5. RAILROADS—FAILURE TO HOLD TRAIN—INSTRUCTIONS.—In an action against a railroad company for damages for personal injuries, when the servants of defendant company did not give plaintiff sufficient time in which to purchase a ticket, and she was injured in attempting to board a moving train, an inaccurate instruction on the question of time for holding the train is not prejudicial, when the jury necessarily understood it to relate to the failure of the defendant to hold the train sufficiently long for plaintiff to procure a ticket. (Page 238.)

6. RAILROADS—INJURY TO PASSENGER—BOARDING MOVING TRAIN—CONTRIBUTORY NEGLIGENCE.—Where plaintiff was directed by the ticket agent to board defendant's train, and encouraged to do so by persons on the platform of said train while it was in motion, and in making the attempt was injured; *held*, an instruction that "if the plaintiff was ordered or directed by the agent of the de-

fendant to get on the train, she had a right to rely upon said advice or direction; provided, she took no more risk in getting on the train than a prudent person would have taken under the circumstances," is proper. (Page 240.)

Appeal from White Circuit Court; *Eugene Lankford,* Judge; affirmed.

*E. B. Kinsworthy, P. R. Andrews* and *T. D. Crawford,* for appellant.

1. The complaint does not allege that the train was not held a reasonable length of time, and there is no testimony to show that it was not held a sufficient time to afford passengers an opportunity to get aboard. Instruction 2 was therefore abstract and misleading.

2. The fifth instruction was also erroneous. A claim agent has nothing to do with the running of a train and in this case had no more authority to advise or direct appellee what to do than any other passenger had. 63 N. Y. 556; 1 Elliott, Railroads, § 214; 65 Ark. 144; 52 Ark. 78; 77 Ark. 606; 97 Ark. 24; 106 Ark. 109; 39 Fed. 188.; 36 Fed. 879; 108 N. C. 34; 80 Mo. 220.

3. The court should have directed a verdict for the defendant. Appellee did not apply to purchase a ticket at a proper time. She was not a passenger, and is not entitled to recover as such. 128 Mo. 64; 24 L. R. A. 521; 168 Ill. 115; 61 Am. St. 68; 4 Am. & Eng. Rd. Cas. 688; Patterson, Railway Acc. Law, § 214; 124 N. C. 123; 45 L. R. A. 163; 4 L. R. A. (N. S.) 254; 78 Md. 409.

*S. Brundidge,* for appellee.

1. Under the testimony the second instruction was neither abstract nor misleading. The effect of it was to instruct the jury that if the defendant failed to hold its train a reasonable length of time under the circumstances, then defendant would be liable unless plaintiff was guilty of contributory negligence. If the complaint fails to allege that the train was not held a sufficient time, it will be treated as amended to conform to the proof introduced without objection. 98 Ark. 315; 85 Ark. 217; 84 Ark. 37.

2. The fifth instruction is correct. The party to whom appellee applied for a ticket, who told her that he could not sell her a ticket and directed her to go and get on the train, was in the ticket office where only employees were allowed to be, and acted within the apparent scope of his authority. The company is bound by his acts and the instruction was properly given. 96 Ark. 456.

3. Appellant was not entitled to a peremptory instruction. Appellee had the right to board the train, pay the usual fare and travel without a ticket. Kirby's Dig., § 6613. She was a passenger within the meaning of the law. 67 Ark. 47; 124 N. C. 123, 32 S. E. 308, 45 L. R. A. 163; 71 S. W. 516; 103 Ark. 335; 217 Ill. 605, 75 N. E. 520; 118 Ill. App. 226; 100 Me. 79, 60 Atl. 710.

The question of plaintiff's negligence in attempting to board the moving train was one of fact which the jury has settled in her favor. It was not negligence *per se* to attempt to board it while moving. Hutchinson on Carriers, § 1182; 95 Ark. 223; 101 Ark. 191; 73 Ark. 551; 88 Ark. 13; 49 Ark. 183.

McCULLOCH, C. J. The plaintiff, Mrs. Hazel Green, lived at Kensett, Arkansas, a small town on defendant's line of railroad, and went to the station one day to take passage on a regular passenger train, and, in attempting to board the train after it was put in motion to leave the station, she was thrown down and received personal injuries, compensation for which she seeks to recover in this action.

Her contention is that she went to the station about thirty minutes before the train was due according to schedule, and applied for a ticket but failed to get one, and had no opportunity to purchase a ticket; and when the train rolled in she offered to board the train but was refused admittance by the trainman standing at the steps of the coach, and was directed to go back to the ticket office for a ticket; that some one in charge of the ticket office told her to go and get on the train; and that she attempted to board the train as it moved out of the station and fell and received personal injuries.

He testimony tends to support that contention. Her statement, as abstracted here by defendant's counsel, is as follows:

"I went to the depot at Kensett; I got there just as the train pulled in; I tried to buy a ticket at the ticket office, but it was closed; I went back to get on the train, and the auditor said, 'Ticket, please;' I said, 'I am going to Judsonia.' He said, 'Let me see your ticket.' I said, 'I have no ticket.' He said, 'You can not board the train without a ticket.' I said, 'The ticket office is closed.' He said, 'Go back and get a ticket.' He said I would have plenty of time to go and buy a ticket, and I went back to get a ticket; I went to the colored waiting room, and some one directed me around to the other window, and I rapped on the window there. A man was in there, and I said, 'I want a ticket to Judsonia.' He said, 'I can not sell you a ticket,' and for me to go on and get on the train. I went outside of the depot, and had just taken a few steps when the conductor or some of the employees hallooed, 'All aboard,' and I ran. The train had started very slowly; two employees of the railroad were standing on the rear platform of the coach, and one of them said, 'Get on, and I will help you.' I reached up with my right hand, and extended my left hand to the man up there; I caught hold with my right hand to the rail and reached for him with my left hand; the train made a bump; it had not gone far, and was moving slowly, and as I went to fall he reached for me, but he did so too late, and he only caught my purse as it flew up. I fell on the track, and the rail struck me on the back of the neck."

She testified further as to the extent of her injuries, but as there is no contention that the verdict is excessive her testimony on that point need not be stated.

The testimony adduced by the defendant tends to establish an altogether different state of the case, for, if accepted as true, it shows that the plaintiff had an opportunity to buy a ticket if she had come to the station in time, and that she failed to do that but came up

as the train was in motion leaving the station, and negligently attempted to board it. The agents in charge of the ticket office testified that they kept the office open according to the rules of the company until the train rolled in, and that they were both compelled then to go out and look after the baggage.

The agent or employee whom plaintiff claims stood on the rear platform and told her to get on and offered his assistance, was the claim agent of defendant, who was a passenger on the train that day. He testified that he was standing on the rear platform, and when he saw plaintiff running he remarked to others standing near that a lady was about to try to get on, and that as she attempted to climb aboard he offered assistance, but that she fell in the attempt.

It is contended on behalf of defendant that the evidence is not sufficient to sustain the verdict, and in support of that view it is argued that plaintiff was not a passenger and that the servants of the company did not owe her any duty, save the negative one of doing nothing to injure her while she was attempting to board the train.

That contention is not a sound one, for under the statutes of this State a person who goes to the station of a railway company for the purpose of becoming a passenger, but is given no opportunity to purchase a ticket, has a right to board the train as a passenger without a ticket. *St. Louis & S. F. Rd. Co.* v. *Blythe,* 94 Ark. 153. In a later case we said:

"One who has no opportunity to comply with rules requiring the purchase of a ticket can not be said to have violated such rules, and can not be denied the right to ride on that ground. Where no such opportunity is given, one may become a passenger without having purchased a ticket; and when he is refused admittance to the train or is ejected from the train under such circumstances, the company is liable for the damages which result." *St. Louis S. W. Ry. Co.* v. *Hammett,* 98 Ark. 418.

The first question which arises in this case is whether

the plaintiff was given an opportunity to purchase a ticket, and, if she was not given such opportunity, the further question arises whether or not it constituted negligence on her part to attempt to board the train while it was in motion.

The evidence is sufficient to sustain the verdict on both of those issues.

Plaintiff testified that she came to the station in plenty of time to procure a ticket, and had no opportunity to purchase one; that she attempted to board the train, and was sent back to the office for a ticket with the assurance that she would have time to do so; that she went back to the office for that purpose, but failed to get a ticket, and before she could return and reach the train it was in motion.

Now, if these facts were true, it established her right to board the train as a passenger, provided she could do so in the exercise of ordinary care for her own safety—such care as an ordinarily prudent person would exercise under the same circumstances.

Her attempt to board the moving train did not, necessarily, constitute negligence. That was a question for the determination of the jury under all the facts and circumstances of the case as established by the evidence.

"An attempt by the passenger to board a railway train while it is passing a place at which it should stop to enable him to board it, or at which it has failed to stop a reasonable time for him to get on, will not, as a matter of law, be considered a negligent act unless the attending circumstances so clearly indicate that he acted imprudently or rashly that reasonable minds could fairly arrive at no other conclusion, and that, in the absence of circumstances leading to such a conclusion, the question whether the act was negligent should ordinarily be left to the jury." 3 Hutchinson on Carriers (3 ed.), § 1182.

The testimony tends to show that the train was running very slowly at the time plaintiff attempted to board it, and, according to her testimony, the claim agent, who

was standing on the rear platform with other persons, told her to get on and offered to help her. The claim agent himself, who was introduced as a witness by the defendant, testified that he offered to help her. Under those circumstances, it can not be said, as a matter of law, that the plaintiff was guilty of negligence in attempting to board the train slowly moving out from the station. It was a matter about which reasonable minds could draw different conclusions, and, therefore, made a case for the determination of the jury. The court was, therefore, correct in refusing to take the case from the jury by a peremptory instruction in defendant's favor.

Error is assigned in the action of the court in giving an instruction containing the following statement:

"It is the duty of defendant to hold its train a reasonable length of time before moving the same, and you are instructed in this connection that a reasonable time is such time as a person of ordinary care and prudence, under the circumstances, should be allowed to take; and if you find from the evidence that the defendant has failed in its duty in this respect, and the plaintiff was injured thereby, then your verdict will be for the plaintiff, unless she was guilty of contributory negligence."

It is insisted that this instruction is abstract, and, therefore, erroneous, because the undisputed evidence is that the train waited at the station a reasonable length of time, and for this reason there was no evidence upon which to base the instruction.

It is true that there is no controversy over the fact that the train waited at the station long enough to give an opportunity to passengers to board it. The instruction was, in a sense, abstract. But if, as contended by the plaintiff, they had denied her an opportunity to procure a ticket, and when she attempted to board the train the servant of the company turned her back and directed her to go to the office and purchase a ticket, then the company owed her the further duty of giving her a reasonable time within which to purchase the ticket and return to the train and board it. Failing to do that, they

failed to discharge the duty which the company owed to her as one who was offering herself as a passenger, and they are responsible for any injury which resulted, unless the plaintiff's own act of negligence contributed to the injury. The instruction ought to have been directed to this state of the case, rather than to the ordinary duty of train operatives to hold the train a reasonable length of time for passengers to board it. But we think this inaccuracy in the instruction was not a material one. The jury necessarily understood it to relate to their failure to hold the train a length of time sufficient to enable her to get a ticket and board the train. The instruction, therefore, was not prejudicial on account of its inaccuracy.

The next assignment relates to instruction No. 5, given at the instance of the plaintiff, as follows:

"If the plaintiff was ordered or directed by the agent of the defendant to get on the train, she had a right to rely upon said advice or direction; provided, she took no more risk in getting on the train than a prudent person would have taken under the circumstances."

Counsel for defendant argue that this instruction had reference to the alleged direction or advice given by the claim agent standing on the rear of the train, and as he had nothing to do with the operation of the train, his conduct in that respect was beyond the scope of his authority, and, therefore, did not bind the company.

Plaintiff's counsel insist, on the other hand, that this instruction related to the advice or direction given to her by the person in the ticket office.

If it relates to the alleged statement of the person in the ticket office to plaintiff, then it can only be construed to refer to plaintiff's right to board the train without a ticket, and not to the question of her care or negligence in boarding the train. In that view of the case the instruction could not have been prejudicial, for, regardless of any reliance upon the advice or direction of the person in the ticket office, if she was denied an opportunity to buy a ticket, she had a right to board the

train, provided she could do so in the exercise of due care and was guilty of no negligence in attempting to do so.

Nor is it material that the proof does not show who the person in the ticket office was, because, if she went there to buy a ticket and no one was there who could sell her one, it is immaterial whether the person who made this statement to her had authority or not to act for the company, because, as before stated, the question is whether she was denied the right to purchase a ticket. So, in that view of the case, the instruction could not have had any harmful effect.

On the other hand, if the instruction be treated as relating to the claim agent, its harmful effect is not apparent. It would have been correct for the court to tell the jury that, in testing the question of plaintiff's negligence in attempting to board the train, they had the right to consider the fact that a person or persons standing on the rear end of the train, and in a position to assist her in boarding it, advised or directed her to board it and offered to help her. That fact, if it existed, was sufficient to influence a person of reasonable prudence, and, therefore, should have been considered by the jury in determining whether the plaintiff was guilty of negligence in attempting to board the train under those circumstances.

It was not correct to say, as a matter of law, that the plaintiff had a right to rely upon that advice or direction, but when it is observed that the court coupled this statement with the further proviso that the plaintiff must, in order to recover, be found to have been free from negligence in boarding the train, it is obvious that the court did not mean by this to tell the jury that the plaintiff had the absolute right to rely upon the assurance implied by the invitation or direction to attempt to climb aboard. It is unimportant whether or not the person who gave the direction was an agent of the company with authority to act in that regard, for, if the person who offered the advice was in a position to render such assistance, this was a circumstance for the jury to consider in testing the

plaintiff's conduct. It is evident from other instructions given by the court that it was not intended by this instruction to take away from the jury the question of contributory negligence on the part of the plaintiff in attempting to board the train, or to declare the law to be that plaintiff had the right to rely upon advice or direction given to her by some other person. If that interpretation had been placed upon the instruction at the time, the court's attention should have been called to it, and an opportunity given to make it clearer, and for this reason we are constrained to interpret the instruction as it seems to have been interpreted in the trial below. The other instructions given correctly submitted the issues to the jury, and we are of the opinion that the refusal of the court to give others requested by defendant was not prejudicial.

Upon the whole, we think that the case was fairly tried, and that the judgment should be affirmed.

It is so ordered.