Missouri Pacific Railroad Company *v.* Henry.

## Opinion delivered March 2, 1925.

1. Carriers—Negligence of Passenger.—W h e r e a passenger entered the caboose of a local freight train, and, while the train was switching in the yard, was told by the trainmen that when they got through switching they would stop at the depot, it was not negligence for him to debark and wait for the train at the depot.

2. Carriers—Negligence in Boarding Train.—Whether a passenger attempted to board a train at the depot or at a distance beyond the platform *held* for the jury under conflicting testimony.

3. Carriers—Negligence in Boarding Train.—Whether a passenger was negligent in attempting to board a moving train *held* for the jury where the evidence was conflicting as to whether the train was moving slowly or rapidly.

4. Carriers—Presumption of Negligence.—Where a passenger is injured by a moving train, it is *prima facie* evidence of negligence on the part of the railroad company, under Crawford & Moses' Dig., § 8562.

5. Carriers—Junction of Railroads.—Under Crawford & Moses' Dig., § 960, requiring all passengers trains to depart from a depot "at all junctions where two or more trains connect," the word "junction" means a place where two or more tracks of same or different railroads meet or cross.

6. Costs—Attorney's Fee.—Under Crawford & Moses' Dig., allowing an attorney's fee to the successful plaintiff in an action against a railroad for "violation of any law regulating the transportation of freight or passengers," the allowance of an attorney's fee under this statute is in the nature of a penalty, and should be restricted to suits based exclusively upon a violation of some statute, and not applied to suits involving the issues of negligence and contributory negligence.

Appeal from Randolph Circuit Court; *John C. Ashley*, Judge; affirmed.

*Thomas B. Pryor* and *H. L. Ponder,* for appellant.

The court should have directed a verdict for appellant. This is entirely unlike that in 110 Ark 232, relied on by appellee in the trial court. Appellee was guilty of contributory negligence and not entitled to recover in that he attempted to board a fast moving train, which was an

obviously dangerous thing to do. 5 R. C. L. 680; 43 L. R. A. 297; 9 L. R. A. (N. S.) 848; 56 S. E. 748; 100 Mo. 194; 114 N. W. 571; 36 Ark. 867; 5 Am. Rep. 109; 92 Am. Dec. 322; 23 N. E. 973. 61 Am. Dec. 214. Instruction No. 1 was error. The fact that appellee was injured by a moving train was not *prima facie* negligence on the part of appellant. 75 Ark. 479. Before there could be a presumption of negligence on the part of the appellant, the plaintiff must prove that he was in the proper place. 163 Fed. 106; 40 Ark. 298; 69 Ark. 380; 82 Ark. 522; 131 S. W. 958. Instruction No. 3, based on § 960, C. & M. Digest, was erroneous, as that statute imposes a penalty fine. 110 Ark. 367.

*Geo. M. Booth* and *Tom W. Campbell,* for appellee.

Appellee had the right to leave the train for exercise and air, and in so doing did not lose his character as a passenger. 153 Ark. 77; 88 Ark. 225; 82 Ark. 393. It is a question for the jury to determine whether or not it constituted contributory negligence to board a slowly moving train. 110 Ark. 232; 153 Ark. 77; 82 Ark. 393. Proof that injury was caused by the movement of a train makes a *prima facie* case of negligence against Company. 119 Ark. 179; 88 Ark. 12; 73 Ark. 548; 105 Ark. 180. Knobel was a junction, such as is referred to in § 960 C. & M. Digest, and it was proper to give instruction No. 2. Contributory negligence would not defeat recovery, but only diminish it. 153 Ark. 77. Plaintiff was entitled to an attorney's fee under § 851, C. & M. Digest.

HUMPHREYS, J. Appellee brought suit against appellant in the circuit court of Randolph County to recover damages in the sum of $3,000 on account of an injury received while attempting to board its mixed freight and passenger train at Knobel, en route to Peach Orchard. The complaint alleged, in substance, that, on the 5th day of October, 1923, appellee was at Knobel, a junction station on the line of appellant's railroad, and that he purchased a ticket at Knobel for Peach Orchard, entitling him to ride as a passenger on the local freight

train running between said towns; that, at the time, said train was switching at Knobel, and that he was informed by those operating the train that, after they got through switching, they would stop at the depot for passengers; that said train passed the depot without stopping, and, while same was moving slowly, he attempted to board the caboose, and was jerked by the train, thrown to the platform, and injured.

Appellant filed an answer denying the material allegations of the complaint, pleading contributory negligence and assumption of the risk by appellee in attempting to board the train.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a verdict and consequent judgment against appellant for $2,000, from which is this appeal.

The first insistence of appellant for a reversal of the judgment is that the court erred in refusing to instruct a verdict for it, because appellee left the caboose after purchasing his ticket and boarding the train; second, that appellee was not at the depot when the local freight train came by, and that he attempted to board the train 150 feet north of the station platform; and, third, that appellee attempted to board the train when it was moving fifteen miles an hour, and, in doing so, was guilty of such contributory negligence as precluded him from recovering for the injury.

(1). The undisputed testimony shows that appellee arrived at Knobel on an incoming train at 1:30 o'clock p. m.; that he immediately purchased a ticket and boarded the mixed train, then switching in the yard, for Peach Orchard, the point to which he was going; that it was not very light in the caboose, and, after ascertaining that the train would stop at the depot for passengers and would not leave for forty-five minutes, he got out of the caboose and went up to the depot to await its arrival. We do not think it was incumbent upon appellee to remain in the caboose while the train was being switched about in the

yard. It was his right and privilege to debark and wait for the train at the depot. This court held in the case of *St. L. I. M. & S. R. Co.* v. *Glossup*, 88 Ark. 225, that "a passenger is not compelled to continuously remain aboard the train until he reaches his destination. He may, at regular stopping places, leave the train for refreshment, exercise, or other matters of convenience or necessity, provided he exercises proper care." The same doctrine was announced in the recent case of *Missouri Pacific Railroad Co.* v. *Kennedy*, 153 Ark. 77.

(2). The second reason assigned by appellant in support of its contention that it was entitled to a peremptory instruction is not tenable, for the testimony is in sharp conflict as to whether appellee attempted to board the caboose at the depot. The testimony most favorable to appellee upon the point is that he attempted to board the train almost in front of the depot, and where passengers usually get on the train.

(3). The third reason assigned by appellant in support of its contention that it was entitled to an instructed verdict is likewise not sound, because the testimony is in conflict as to whether the train was moving slowly or rapidly when appellee attempted to board the caboose. The testimony most favorable to appellee upon the point is that the train failed to stop at the depot for passengers, and that, when he attempted to board the caboose, the train was moving not to exceed four or five miles an hour. This court has held in several cases that the question of whether or not an attempt by a passenger to board a slowly moving train constitutes contributory negligence, is one for the jury. *Arkansas Cent. Rd. Co.* v. *Bennett*, 82 Ark. 393; *St. L. I. M. & S. R. Co.* v. *Green*, 110 Ark. 232; *Mo. Pac. Rd. Co.* v. *Kennedy*, 153 Ark. 77.

The second insistence of appellant for a reversal of the judgment is because the court instructed the jury to the effect that, if a passenger is injured by a moving train, it is *prima facie* evidence of negligence on the part of the railroad company operating the train. The instruction is based upon § 8572 of Crawford & Moses'

Digest, and is correct.  *Barringer* v. *St. L. I. M. & S. R. Co.*, 73 Ark. 548; *St. L. I. M. & S. R. Co.* v. *Fambro,* 88 Ark. 12; *Huckaby* v. *St. L. I. M. & S. R. Co.*, 119 Ark. 179.

The third insistence of appellant for a reversal of the judgment is because the court gave the following instruction:

"You are instructed that the law of Arkansas requires that all railroad companies operating railroads in this State shall, at all junctions where two or more trains connect, require that all trains carrying passengers departing from such junctions shall depart only from the station-house or depot at such junction."

The instruction is based upon § 960 of Crawford & Moses' Digest, and, as given, conforms to the language of the statute.  The testimony reveals that the Missouri Pacific Railroad Company owns two lines of railroad connecting at Knobel, one being the main line of the Missouri Pacific, and one a branch line known as the Paragould and Nettleton road.  Learned counsel for appellant argues that a junction within the meaning of the statute is where main lines of different roads cross. We think "junction" as used in the statute means a place where two or more tracks of a railroad or railroads meet or cross, regardless of whether the tracks are owned by the same or different railroad companies.  The language of the statute is "at all junctions where two or more trains connect."

The fourth insistence of appellant for a reversal of the judgment is that the court erred in giving instruction No. 3. It is suggested that the instruction is fatally defective because it left out entirely the requirement that appellee should have exercised ordinary care for his safety, and because it was argumentative.  We have read the instruction carefully and find that it fully covers the question of contributory negligence; and, while very long, it is not argumentative, but simply states the facts necessary to sustain a finding for appellee.  We do not commend the form and length of the instruction, but

find no inherent error in the subject-matter contained therein.

We do not regard the other suggestions of error contained in appellant's brief as well grounded, so shall proceed to discuss the claim of appellee on his cross-appeal for the allowance of a reasonable attorney's fee. The trial court overruled appellee's motion for the allowance of an attorney's fee. The claim is based upon § 851 of Crawford & Moses' Digest, which is as follows:

"In all actions at law or suits in equity against any railroad company, its assignees, lessees or other person or persons owning or operating any railroad in this State (or) partly therein, for the violation of any law regulating the transportation of freight or passengers by any such railroad, if the plaintiff recover in any such action of suit, he shall also recover a reasonable attorney's fee, to be taxed up as a part of the costs therein, and collected as other costs are or may be by law collected."

The allowance of an attorney's fee under this statute is in the nature of a penalty, and should be restricted to suits based exclusively upon a violation of some statute and not to suits involving issues of negligence and contributory negligence. This suit involves other issues than a mere failure to stop the train at the depot in Knobel to receive passengers, as required by § 960 of Crawford & Moses' Digest.

The judgment is therefore affirmed upon both the direct and cross-appeal.