GERARD B. LAMBERT COMPANY v. NEWTON.

Opinion delivered May 23, 1927.

1. TRIAL—ADMISSIBILITY OF LETTER—GENERAL OBJECTION.—In an action for breach of a contract for employment for a period of one year, the employer's letter tending to prove the contract for one year was admissible over a general objection, though parts of the letter may have been irrelevant.

2. WITNESSES—CROSS-EXAMINATION.—In an action against an employer for breach of a contract of hiring, the employee, on being cross-examined as to a letter by which he was discharged, was entitled to have the letter read to the jury.

3. APPEAL AND ERROR—HARMLESS ERROR.—Admitting evidence which is more favorable to appellant than to appellee is not prejudicial to the former.

4. TRIAL—ORAL INSTRUCTIONS.—An oral statement by the court to the jury as to the nature of the suit as set out in the complaint, containing no directions to the jury, held not an instruction within the Constitution, art. 7, § 23, requiring judges to reduce their charge or instructions to writing on request of either party.

5. MASTER AND SERVANT—BREACH OF EMPLOYMENT—DAMAGES.—In an action for breach of a contract of employment, the verdict assessing damages held not contrary to the law and evidence.

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Moore, Walker & Moore,* for appellant.

*W. G. Dinning,* for appellee.

McHANEY, J.   This appeal is prosecuted to reverse a judgment of the Phillips Circuit Court in appellee's favor for $1,999.06 for the alleged breach of a contract of employment by appellant of appellee as manager of its plantations at Lambrook, Phillips County, from March 1, 1925, to February 28, 1926, at a salary of $350 per month. Whether the contract was for the term of one year or from month to month was a disputed question of fact, which was submitted to the jury on instructions that are not questioned. Appellant was discharged August 15, 1925, and his testimony tended to prove that he was unable to get other employment until January 12, 1926, and then at a reduced salary of $200 per month.

Two questions are raised regarding the admissibility of testimony, one being a letter written by Gerard B. Lambert, president of appellant company, as follows:

"St. Louis, Mo., Feb. 16, 1925.

"Mr. A. G. Newton,
Elaine, Arkansas.

"Dear sir: I am very happy to be able to write you this letter and at last to know something definite about my plans for the coming year. I have now arranged my finances so that we can go ahead on the 1925 crop in a normal way. The only requirement is that I must get the greatest possible efficiency out of the operations, and must put out the least amount of money that I can to get a reasonable return.

"As I find my affairs demand an increasing amount of my time, and so that you may have an opportunity to discuss policies, without awaiting for a trip from me, I have arranged for Mr. Day to represent me and to go down to see you about once a month so that you may talk things over. He will have complete authority, and I know will be of material assistance. I have found Mr. Day's judgment very sound on all matters relating to that country, and his one object will be to work with you to get the best results out of the place. By this method all matters which are undetermined will not have to go long before being decided upon.

"I have never started the season feeling as well about the place as this year, as I know I can surely have funds to go through the year, and I feel an increasing confidence in your ability to operate things on an efficient basis. I understand that you have things in wonderful shape and that you have plenty of seed for the crop. Last year I made a serious mistake in urging you to plant 'Salsbury' seed, and I imagine, of course, that what you have saved is 'Express.'

"I can not come down on this trip, but I am hoping I will be there in less than a month, and we can all have a nice general conversation on our plans for the season.

"In starting off this new year, because, as you know, on our books our year runs from March 1 to March 1, I have only one suggestion to make to guide you in the work, because in general your management has been very satisfactory. This suggestion is that you train yourself to give your greatest attention to those things which really count in the final bringing in of the crop, which is, after all, our source of revenue, and that you do not permit yourself to become distressed, annoyed or diverted by things which are really unimportant as related to that crop. I say this to you in a friendly effort to help what I think is your only weakness, and because, in the last five years, the development of that point of view has been the best thing I have been able to achieve for myself. When details come up for your consideration throughout the day, try to weigh their importance, and put your attention on the ones that will really count, even if some of the small ones are neglected. Do not let your personal feeling force you to give attention to unimportant things, and do not let what other people may say affect your judgment on the main object, which is, after all, getting out a profitable crop. As you grow older, you will discover that the successful men in business have developed this quality, and that, while the small men seem annoyed that the successful executive will not give the attention he wishes to details, somehow the bigger man gets results and succeeds. In other words, be as calm as possible about your work, and sit down occasionally and think over the day, and decide whether or not you have placed your time on the important things.

"This suggestion is sent in a spirit of friendly helpfulness and of a result of things I have learned myself, and both Mr. Day and I feel that we are all set and ready to go for a fine year, and we will give you support in every possible way.

"Until I see you, just plug along, getting your things ready as well as possible for the coming crop.

"Yours truly, Gerard B. Lambert."

Appellant made a general objection to its introduction, and it is now urged as reversible error on the ground that it had no bearing on the case. We think the letter was proper and competent evidence and tended to prove that appellee was employed for the year, the vital issue in the case. Again, it is urged that certain parts of the letter are incompetent and irrelevant, and that, upon general objection, appellee should' have been permitted to' read only the competent parts. Counsel did not point out to the trial court the irrelevant parts, nor have they done so here. Moreover, the rule is to the contrary, and is correctly stated in the recent case of *Eureka Oil Co.* v. *Mooney,* 173 Ark. 335, 292 S. W. 681, where the court said that, "since the whole of the witness' statement was objected to, and part of it was competent, and no special objection was made to that part of same being incompetent as hearsay, the court committed no error in overruling the general objection to the entire statement." Citing *St. L. I. M. & S. R. Co.* v. *Stroud,* 67 Ark. 112, 56 S. W. 870; *Redmond* v. *Hudson,* 124 Ark. 26, 186 S. W. 312. There was no error in admitting the letter.

During the cross-examination of appellee he was being questioned regarding a certain letter written by him to Mr. Lambert, dated August 15, the day he was discharged, and counsel for appellee asked that the letter as a whole be read to the jury, and the court required this to be done. He had not been asked about this letter on his direct examination, and if he was to be cross-examined about it he was likewise entitled to have the letter read. However, we can see no possible prejudice to appellant, as it appears to be more favorable to appellant than to appellee. It was in the discretion of the court to require the letter read after it had been brought in on cross-examination, and no abuse of such discretion is shown.

It is next urged that the court erred in stating orally to the jury what the suit was about, as set out in the

complaint. Appellant calls it an instruction, but it is not an instruction in the real meaning of that term. It merely stated the contentions of the appellee as stated in his complaint. It would have been entirely proper for the court to have followed such statement with the contentions of appellant as set out in the answer, and no doubt the court would have done this if so requested by counsel, but this was not done. We do not deem it necessary to set this statement out. It was not an instruction either upon the law or the facts. It contained no directions to the jury, and we do not think it was in violation of art. 7, § 23, of the Constitution, which provides:

"Judges shall not charge juries with regard to matters of fact, but shall declare the law, and in jury trials shall reduce their charge or instructions to writing on the request of either party."

But there was no request by counsel that this so-called instruction be reduced to writing. The objection was general, and is insufficient to amount to a demand. The demand must be made. *Nat. Lbr. Co.* v. *Snell*, 47 Ark. 407, 1 S. W. 708; *Mazzia* v. *State*, 51 Ark. 177, 10 S. W. 257; *Excelsior Mfg. Co.* v. *Owens*, 58 Ark. 556, 25 S. W. 868.

Lastly, it is said that the verdict is contrary to the law and the evidence, in that it cannot be determined how the jury arrived at the sum of $1,999.06. This contention is not sound, as we think the jury allowed the plaintiff five months' salary from August 15 to January 15 at $350, one and one-half months at $150 from January 15 to February 28 (being the loss per month for this time), or a total of $1,975, to which it added $24.06, the amount appellant offered to confess judgment for on other indebtedness, making $1,999.06.

We find no error, and the judgment is affirmed.