CRAIN, TRUSTEE, *v.* ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY.

4-7184                                          176 S. W. 2d 145

Opinion delivered December 13, 1943.

*Shane & Fendler* and *Walter L. Pope,* for appellant.

*E. G. Nahler, E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellee.

KNOX, J. In attempting to negotiate a grade crossing over appellees' railroad appellant's truck became stalled thereon, and while in such position was struck and practically demolished by a southbound passenger train belonging to and being operated by appellees.

Action was brought in the court of common pleas of Osceola District of Mississippi county, and a trial resulted in a judgment in favor of appellant. Appellees appealed from said judgment to the circuit court, where a trial resulted in a verdict and judgment in favor of

appellees, from which judgment this appeal is prosecuted.

The elements of negligence as alleged in appellant's complaint are as follows: (a) driving the train at an extreme rate of speed, without regard for the safety of the property of the plaintiff; (b) failing to keep a lookout for vehicles on the crossing and violation of the Arkansas Lookout Law; (d) that defendants either saw the truck at the crossing, or by the exercise of due care could have seen the same on the crossing, and negligently failed to stop the train after they had seen or could have seen said truck.

Appellees denied each of the allegations of negligence and pleaded contributory negligence on the part of appellant.

The evidence discloses that the collision occurred at a grade crossing situated between Driver and Grider, and near mile post No. 260 on appellees' railroad, which crossing is known as Holt Crossing.

Grider is located approximately 2 miles north of such crossing and Driver is located ¾ of a mile south of such crossing. Between Holt Crossing and the station of Grider there is a curve in the railroad track, and much of the evidence in the record is directed to the question as to the point on the track the engine crew could first see an obstruction at said crossing. Evidence for appellant tends to fix this point at some 2,000 feet, while evidence for appellees fixes it at a lesser distance.

While the truck was on the crossing, appellees' train was heard to whistle for the station of Grider. The driver of the truck thereupon ran up the track towards the approaching train in an effort to warn the engine crew of the perilous position of the truck. He had gotten some 1,200 feet from the crossing when the train passed him. The engineer and fireman both stated that they had at all times maintained a constant lookout, and that they had not seen, and by the exercise of ordinary care could not have seen, the truck at the crossing until about the time the engine passed the driver of the truck. The

engineer stated that at the time he saw the truck he immediately sanded the track and applied the emergency brakes; that nothing else which he could have done would have sooner stopped the train.

At the trial in the circuit court the judge gave all instructions requested by appellant.

After the argument had been concluded counsel for appellees requested the court to instruct the jury as follows: "You are instructed that public interest requires that trains be run on time and that railroaders dispatch their business promptly, and that locomotive enginemen have the right to assume on approaching a crossing of the road or highway with the railroad track that the right-of-way over said crossing is clear of obstructions, and the duty of the enginemen to take precaution begins only when by the exercise of ordinary care they saw or could have seen that the truck in question was on the crossing."

Appellant objected to the giving of said instruction in the following language:

"Mr. Pope: 'I want to object to the giving of that instruction because it is abstract and because it is given after the testimony has—after the argument has been closed and there is no opportunity to argue the instruction to the jury, and it does not include the proposition of law that controls in this case, that such a presumption relieves the engineer and fireman from keeping a constant lookout or from exercising ordinary care to stop the train when they saw or could have seen the truck that was on the crossing.' I ask this—that if the instruction is given as outlined that there be added to it this 'but such presumption does not relieve the railroad company of liability if they fail to keep the lookout or fail to exercise ordinary care in stopping the train, as explained in the instructions that have been given.' "

Thereupon, the court, on motion of plaintiff, modified defendants' requested instructon numbered 1, by adding to it as follows: " 'But such presumption does not relieve the railroad company of liability if they fail

to keep the lookout or fail to exercise ordinary care in stopping the train, as explained in the instructions that have been given.'

*"Plaintiff's objection to instruction not being waived by amendment."*

Appellant's motion for a new trial sets out four assignments of error, the first three of which are that the verdict of the jury is contrary to the law and evidence, and the fourth asserts that the court erred in giving the jury the instruction above quoted at the close of the argument in the case.

The first ground urged by appellant for reversal is that since it is undisputed that the truck was damaged by the operation of appellees' train, and there is no proof of negligence on the part of appellant, appellees are absolutely liable under the provisions of § 11138 of Pope's Digest. The case was not tried upon that theory in the lower court, and such a construction of the statute is not in accord with the prior decisions of this court. It has been repeatedly held that where damage to property is shown to have been caused by the operation of a train a *prima facie* case of negligence is made against the railroad company, and the burden shifts to it to show that it was not negligent. *Mo. Pac. Railroad Co.* v. *Henry,* 168 Ark. 146, 269 S. W. 51; *St. Louis-San Francisco Railway Co.* v. *Cole,* 181 Ark. 780, 27 S. W. 2d 992.

We conclude, therefore, that the first ground urged for reversal is not well taken.

The second and sole remaining ground urged by appellant for reversal is that the trial court erred in giving the instruction above set out after the argument had been closed, and which appellant also contends is argumentative.

Appellant concedes that although § 1517 of Pope's Digest directs that instructions shall be given prior to the argument, the trial court may for sufficient reason give an instruction after the argument. In the case of *National Lumber Co.* v. *Snell,* 47 Ark. 407, 1 S. W. 708, Chief Justice COCKRILL speaking for the court said:

"The statute, and the constitution as well, commands the judge to reduce his charge, or the instructions to the jury, to writing, when required by either party to do so. Art. 7, § 23, Const. 1874; § 5131, Mansf. Rev. Statutes. These provisions are mandatory, and it is error for a judge to refuse to comply with their terms. *Anderson v. State,* 34 Ark. 257. But there is nothing in the constitution or the statute making it incumbent upon the court to reduce to writing an instruction to be given to the jury on its own motion, before argument to the jury. The attainment of justice requires that the court should be vested with a sound discretion to instruct the jury at any time, even after they have retired to consider of their verdict. *McDaniel v. Crosby,* 19 Ark. 533; *Viser v. Bertrand,* 19 Ark. 487." It follows, therefore, that the action of the trial court in giving the instruction after the argument did not constitute error.

The instruction was evidently based upon the language found in the opinion of Mr. Justice Hart in the case of *Davis v. Porter,* 153 Ark. 375, at 377, 240 S. W. 1076, as follows: "The public interest requires that trains be run on time and that railroaders dispatch their business promptly. Under the circumstances it was not necessary to stop the train or to slacken its speed."

Counsel for appellant contend that the instruction has the effect of misleading the jury in that it emphasized the proposition, the proposition being then submitted to the extent that it blotted from their minds, the propositions of law included in the instructions given prior to the commencement of the argument. Whatever might be said with respect to this contention had the instruction been given as originally requested, it must be remembered that in this case the court added to the instruction the exact words suggested by counsel for appellant, and which were calculated to overcome the possibility that the instruction might have the effect suggested. We are of the opinion that as finally drawn and given to the jury, the instruction was not argumentative in its nature, and that the court committed no error in giving the same.

Finding no error, the judgment of the lower court is affirmed.

ROBINS, J., dissents.