BUFORD MARTIN ET AL v. W. T. LANGLEY

5-5842                                   477 S.W. 2d 473

Opinion delivered March 13, 1972
[Rehearing denied April 10, 1972.]

*Reid, Burge & Prevallet,* for appellants.

*John Mayes, Graham Partlow, E. Patterson & Oscar Fendler,* for appellee.

CONLEY BYRD, Justice. Appellee W. T. Langley, an automobile dealer, brought this action against appellants Buford Martin and Lonnie Boydston, co-partners doing business as United Insurance Agency, upon the theory that Lonnie Boydston, appellee's long time insurance agent, had undertaken to procure a "package" of insurance policies to cover appellee's automobile business and had failed to do so. Appellee and his secretary both testified that they talked to Boydston and told him to put in force the "package" deal. Boydston denied having talked to appellee but admitted talking to the secretary. He said he told the secretary that he did not know what insurance coverage appellee wanted and that he told the secretary to have appellee call him. Boydston did renew one policy already in effect. The jury found the facts in favor of appellee and fixed the damages resulting from a fire loss at $25,000. For reversal appellants contend:

"I. The trial court erred in admitting into evidence appellee's exhibit No. 7.

II. The trial court erred in not granting a mistrial as the result of remarks made by one of appellee's counsel.

III. The trial court erred in deleting from its instruction No. 5 reference that the damage had to be covered by the insurance contract.

IV. The trial court erred in giving its Instruction No. 8.

V. The trial court erred in not granting a mis-

trial because of improper and prejudicial argument by one of plaintiff's counsel.

VI. The jury verdict was excessive."

POINT I. Exhibit No. 7 to which appellant objected is a Chrysler Motors Corporation statement showing a total owing to Chrysler in the amount of "$1742.96 CR". This exhibit was offered along with a number of other statements to prove the value of parts destroyed in the fire. Appellants objected to the exhibit on the grounds that it showed on its face that it was a credit and that it was confusing because the figure $1742.96 was marked through with a pencil and the figure $1242.96 was written above it. During direct and cross-examination it was determined that the items shown on the statement carried a bookkeeping code and that the code was defined on the back of the statement. Neither the codes nor appellee's testimony with respect thereto were favorable to him. Thus if there was any error in admitting the exhibit, the record demonstrates that it was not prejudicial to appellant. *National Fruit Products Co.* v. *Garrett,* 121 Ark. 570, 181 S.W. 926 (1916); *Gerald B. Lambert Co.* v. *Newton,* 174 Ark. 209, 294 S.W. 707 (1927).

POINT II. During cross-examination of appellee concerning submission of duplicate invoices, the following occurred:

"MR. FENDLER: If the Court please, I think he ought to be instructed this line of questioning ought to be discontinued. If there is any error in presenting these invoices, he ought to sue Mr. Partlow and sue me. If we caused any damages here, we ought to be sued, not our client.

MR. BURGE: If the Court please, I object to Mr. Fendler's speech. This is cross-examination and proper.

MR. FENDLER: If the Court please. It is not proper. This gentleman presents what he thought were his invoices. It is obvious on the face of the invoice

it is identical. How could he be trying to mislead the jury? I move this line of questioning be discontinued.

MR. REID: If the Court please, I move for a mistrial again because of statements made by Mr. Fedriler in presence of the jury.

THE COURT: Both objections overruled and motions for mistrial denied, and you may proceed."

The record shows that a number of appellee's records were lost in the fire. Appellee gathered up what he could. Immediately preceding the objection above appellee had stated that he did not review the invoices he found but merely turned them over to his lawyer. Admittedly the trial court has wide discretion in determining action appropriate to eliminate prejudicial effects of remarks of counsel and will not be reversed except for a manifest abuse thereof. *Bethel* v. *State*, 180 Ark. 290, 21 S.W. 2d 176 (1929). From the record here presented, we cannot say that the trial court erred in refusing the motion for mistrial.

POINT III. Instruction No. 5 as offered by appellant provided:

"W. T. Langley claims damages from Lonnie Boydston and has the burden of proving each of three essential propositions:

First, that the Defendant entered into a contract with him to issue insurance which would cover the loss claimed;

Second, that the Defendant did not procure the insurance which would cover the loss claimed;

And third, that the Plaintiff has sustained damages that would be covered by the contracts of insurance."

The trial court modified the last paragraph to read:

"And third, that the Plaintiff has sustained damages that would be covered by the contract."

Appellant here argues that the court's modification left out the essential element that if the appellee were entitled to recover, the damages would have been only elements of damages covered by the policy of insurance. While it is true that appellee's damages were limited to only those elements that would have been covered by the insurance policies, any error in amending the instruction was cured by instruction No. 8 given by the court. (Discussed in Point IV).

POINT IV: Instruction No. 8 given by the court was as follows:

"You are further instructed that when an insurance agent undertakes to procure a policy of insurance for another affording protection against a designated risk or designated risks, the law imposes upon the insurance agent the duty, in the exercise of reasonable care, to perform the obligation that the agent has assumed, and within the amount or amounts of the proposed policy or policies, the agent may be held liable for any loss suffered by the applicant attributable to the failure of the agent to provide such insurance. In this case, if you believe from a preponderance of the evidence that the Defendants, Buford Martin and Lonnie Boydston, co-partners, doing business as United Insurance Agency, contracted with the Plaintiff Langley to obtain insurance covering his automobile business including insurance policies to insure against losses on fire and extended coverage on contents and dealer's open lot, or any one or more of these policies, and that they, the said Defendants, Martin and Boydston, or either of them as partners of United Insurance Agency, failed to exercise reasonable care in their efforts to provide said insurance in accordance with their oral agreement with the Plaintiff Langley, your verdict will be for the Plaintiff Langley. And it will be your duty to assess as damages whatever sum you may agree

upon which will fairly compensate him for his net loss under the contract less the premium therefor.

On the other hand, if you find that there was no contract, your verdict will be for the Defendants."

Appellant here contends that the foregoing instruction was erroneous because it deals with the appellant's duties in terms of "reasonable care" and because of the language in the second paragraph which refers to "or any one or more of these policies."

We find no error in the use of the term "reasonable care" when applied to appellants' duties. In fact the language is more favorable to appellants than they were entitled to have if they had contracted with appellee to furnish the coverage as alleged.

Neither do we find any error in using the term "or any one or more of these policies" in referring to the coverages on contents and dealer's open lot. Appellants' assertion here is that the use of the phrase "or any one or more of these policies" permitted the jury to assess damages under any of the four coverages originally sued upon even though two of the coverages were withdrawn. Since the court enumerated the coverages being submitted to the jury immediately preceding the phrase "or any one or more of these policies", the term "these policies" could only refer to the coverage just enumerated.

Appellants also objected to this instruction on the basis that it permitted the jury to use conjecture in establishing damages. The instruction, however stated that the agent could be held liable only within the limits of the proposed policies. If appellants wished more definitive instructions on the amount of damages recoverable, they should have requested instructions containing the language desired.

POINT V: With reference to the alleged improper and prejudicial closing argument of appellee's counsel, the record does not show any of the argument of counsel,

only the objection and ruling by the trial court as follows:

> "MR. BURGE: We object to his remarks about a 'monied man.' We ask for a mistrial in view of his remarks about the money man.
>
> COURT: I don't believe there is any evidence about any money anybody has got.
>
> MR. FENDLER: I don't want to argue that, but all the way through—
>
> COURT: The court is going to sustain the objection. The jury it told to disregard the last remark of the attorney.
>
> MR. BURGE: Are you denying my motion for mistrial?
>
> COURT: Yes."

From this record, we are unable to say that the trial court abused its discretion in refusing a mistrial.

POINT VI. On direct appellee testified to damages totaling over $40,000 that would have been covered by the policies on contents and dealer's open lot. While it is true that the cross-examination discredited his damages to some extent, we are not able to say that the jury's verdict in the amount of $25,000 is not sustained by the evidence.

Affirmed.