Richard POWELL, also known as
Richard MATHEWS *v.* STATE of Arkansas

CR 80-122                                      605 S.W. 2d 2
Supreme Court of Arkansas
Opinion delivered September 15, 1980
Rehearing denied October 20, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Jackson Jones*, Deputy Defender, Little Rock, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., Little Rock, for appellee.

GEORGE ROSE SMITH, Justice. This is an appeal from a verdict and judgment imposing an 8-year sentence for the sale of a controlled substance, Valium. For reversal the appellant argues that the trial court erred in (1) permitting the State to use his oral statement for impeachment, (2) rul-

ing upon objections to the prosecutor's closing arguments, and (3) failing to reopen the case for further testimony after the jury had retired. No reversible error is shown.

Officer Turner, a state police undercover narcotics investigator, testified that after having bought 50 Valium tablets from Powell on February 4, 1979, he continued to act undercover until shortly before the information was filed in September. Turner testified on redirect examination that in October he and a deputy sheriff and a city policeman interviewed Powell at the jail in Jonesboro. He said he warned Powell of his rights. A rights form, signed by Powell and witnessed by all three officers, was introduced without objection.

At that point defense counsel asked, and was given, permission to approach the bench. After the ensuing barside conference, which was out of the jury's hearing and unintelligible to the court reporter, the court ruled: "I am going to sustain the objection." During a recess that followed immediately the prosecutor stated that on that morning he had learned that Powell had said to the officers that he had a prescription for 100 Valiums, but "I don't usually sell them, because I need them myself." The prosecutor said he had informed defense counsel of the statement, which he intended to use only for impeachment. He argued, however, that defense counsel had opened up the subject on cross-examination. The trial judge said he would let his ruling stand.

After the State rested, Powell took the witness stand and denied having sold anything to Officer Turner. His defense was that his brother Larry might have made the sale. On cross-examination Powell admitted that he had a prescription for 100 Valiums a month. When he was asked if he had made the statement to the officers at the jail, defense counsel again approached the bench for a conference that the court reporter noted as "unintelligible." The court overruled the objection. Powell denied having made the statement. Later on, Officer Turner was called by the State in rebuttal and testified that Powell made the statement.

The record is completely silent as to the nature of defense counsel's objections. Apparently two different objections were made, because the court sustained the first and overruled the second. In fact, appellate counsel now argue that the statement was inadmissible on two separate grounds, that it tended to prove other offenses and that the court did not hold a Denno hearing to determine its voluntariness. The testimony itself did not require the court to intervene, absent an objection. See *Ingram* v. *State*, also decided today. Uniform Evidence Rule 103 requires that a timely objection appear of record, stating the specific ground of objection if the specific ground is not apparent from the context. Ark. Stat. Ann. § 28-1001, Rule 103 (a) (1) (Repl. 1979). Here the specific ground is not apparent. Not only do appellate counsel argue two separate grounds, but trial counsel may have objected on other grounds, such as surprise, hearsay, or irrelevance. The Uniform Rule requires that the specific objection appear of record. It is the appellant's responsibility to demonstrate error. *Butler* v. *State*, 264 Ark. 243, 570 S.W. 2d 272 (1978). It is impossible for us, without knowing what defense counsel's second objection was, to say that the trial court was wrong in overruling that objection.

Second, defense counsel argued to the jury that the State had not called certain officers to rebut Powell's testimony that they had made threats against him if he did not turn State's evidence in another case. The prosecutor certainly had the right to argue, in reply, that the defense had an equal right with the State to call the officers.

The prosecutor also argued to the jury that to say Powell was not guilty they would have to find that the officers lied and that not one officer but three had contrived to falsely accuse the defendant. Defense counsel interposed that "there is nothing in the testimony here about a conspiracy." The prosecutor said he was making a logical conclusion and argument from the evidence. The court overruled the objection. Powell's testimony had been to the effect that the officers had threatened him and tried to bribe him to turn State's evidence and that Officer Turner's testimony about the sale and the jail statement was false. Thus if Powell's testimony was true, it was certainly arguable that the officers had falsely

accused him. The trial court had the advantage of hearing all the testimony and the arguments of counsel. It had a wide discretion in controlling the argument of counsel. *Martin* v. *Langley*, 252 Ark. 121, 477 S.W. 2d 473 (1972). Here we find no abuse of the court's discretion, especially as the prosecutor's argument was not such as to call for a mistrial.

Third, after the jury had retired to consider its verdict, the court asked Powell if he approved of the way his attorney had handled his case. Powell answered: "He might have called a couple of more witnesses." The judge replied that counsel had talked to him about those witnesses, that it had been his judgment that the testimony was not relevant, but that he would give counsel an opportunity to make a record for review. Counsel then stated that James Veteto (not shown to be immediately available) would have testified that on earlier occasions the Jonesboro police had mistaken the defendant's brother Larry for the defendant, and that the defendant himself would have given similar testimony.

Defense counsel had evidently acquiesced in the court's earlier ruling. Even when the defendant himself raised the issue, counsel merely stated what the proof would have been, without expressing any disagreement with the court's ruling and without asking that the jurors be recalled from their deliberations to hear additional testimony, a matter within the court's discretion. See *Troxler* v. *Spencer*, 223 Ark. 919, 270 S.W. 2d 936 (1954). No reversible error occurred.

Affirmed.